J. T. Brackenridge et al. v. W. E. Cobb et al.

No. 36.

1. **Lien Fixed by Levy — Recorded Judgment.**—The due record and indexing of a judgment will not affect a levy made under a valid judgment, the levy being followed by sale. Nor is the purchaser at said sale required to place his sheriff's deed upon record as against the rights of the original parties to the recorded judgment.

2. **Issuance of Executions — Presumption.**—Two executions in same case were issued on the same day, one to the sheriff of the county where the judgment was rendered. This execution was returned the day issued. *Held*, that it will be presumed that such return was made before the issuance of the other, which was directed to officers of another county, and under which sale was made.

3. **Innocent Purchaser—Fraud.**—The issuance of executions subsequent to the one under which sale was made of the land in litigation, to other counties, although fraudulent in attempting to hinder and delay other creditors, would not affect the title of a purchaser under such second execution having no notice of the facts constituting the fraud.

4. **Release of Lien upon Personalty Discharging Surety.** — The release of personal property levied upon, if made subsequent to a sheriff's sale otherwise valid, can not affect the validity of a sale made before such release, when attacked by a surety claiming such release to be a discharge against a levy upon and sale of his own property.

5. **Levy and Sale of Lands of Surety.** — If under executions against principal and surety the property of both be seized, the sale of that belonging to the surety without the sale of that belonging to the principal would not render the sale void.

6. **Fraudulent Mortgage.**—The title of defendants not depending upon any rights acquired in the adjustment made in regard to the trust deed in the record, the fact that it was fraudulent could not change the result. That such mortgage was believed to be a valid lien upon land sold at execution sale affords a reason for the sale at a price otherwise inadequate.

7. **Diligence to Avoid Sale at Inadequate Price.** — An execution debtor complaining of inadequacy in price at sale of his property should promptly act to avoid such sale against the necessary parties.

8. **Refusal of Writ of Error an Approval of the Judgment.** — When an application for writ of error is refused, this is in effect a decision by this court that the decision of the Court of Civil Appeals is correct in its result.

Application for Writ of Error to Court of Civil Appeals for Second District, in a case on appeal from Coke County.

*W. O. Davis*, for the application.

STAYTON, Chief Justice.—There are many grounds on which the application for writ of error is based, and to avoid misconception as to our ruling in refusing the writ, we have deemed it proper very briefly to indicate our views on the leading questions.

1. If it be conceded that the abstract of the judgment through which

applicant claims was properly recorded and indexed, this gave right only in subordination to the levy then existing on the land under the execution in favor of Trammell & Co., through which defendants claim; and if the execution under which they bought was not void, they acquired the superior right, and did not lose it by failure to record the deed made by the sheriff after the registration of the judgment under which applicant claims; for nothing had occurred after the registration of the judgment and before the record of the deed, under which defendants claim, to affect the rights or privities of the parties, in so far as they may depend on the laws relating to registration.

2. The execution issued to Coke County was issued on the same day as was the execution to the county in which the judgment was rendered, but the latter was returned on that day; and in the absence of evidence to the contrary, it ought to be presumed that it was returned before the execution to Coke County was issued, and that went into the hands of the sheriff on the next day after the execution issued to Wise County was returned.

The executions issued on the same day to Coke, Wichita, Baylor, Archer, and Wilbarger counties, were issued in the order here given, and that to Coke County first went into the hands of the sheriff, and was levied. Under this state of facts, the execution to Coke County must be held to to have been valid, even though all those subsequently issued may not have been, unless they were all issued to and levied upon property in the several counties for the fraudulent purpose of hindering, delaying, or defrauding other creditors of the defendants in execution.

The issue last suggested seems to have been made by the pleadings, but it passed through the trial court, and, so far as we see from the findings, through the Court of Civil Appeals, without any ruling upon the facts or law involved in such an issue, unless the seventeenth finding of fact may have a bearing on that question.

In this condition of the application, the question can not be raised here, and it becomes unnecessary to consider whether such fraud on the part of Trammell & Co. could affect the purchasers at execution sale, who, under the findings, were found to be not only purchasers in good faith, but also creditors, through subrogation, of the common debtor to whom the land in controversy belonged.

3. If the sale under execution through which defendants claim was for any reason voidable, the equitable relief sought, through resale or otherwise, would be barred, even if facts were shown that would have entitled applicant to such equitable relief; and we would infer from the opinion by the Court of Civil Appeals that limitation was urged as a defense to any equitable relief.

4. While it is true that release of personal property belonging to the

principal debtor, which had been levied upon under some of the executions, would have released the surety to the extent at least of the value of the property so released, if the liens were not void as claimed by applicant, still, under the facts of this case, were it shown that the property levied upon belonged to the principal debtor, and that it was of value to have satisfied the execution, no release to the surety who owned the land in controversy would have resulted when the sale was made under which defendants claim, for at that time no property had been released from levy.

It was not shown, however, that the property seized as that of the principal debtor belonged to it, or what its value was.

If under execution against principal and surety the property of both be seized, the sale of that belonging to the surety without the sale of that. belonging to the principal would not render the sale void.

In such case the surety, or one of his creditors who had acquired a lien on his property seized, by proper procedure, might have that of the principal debtor, if of value sufficient to pay the debt, sold, and the property of the surety left to satisfy such lien creditor.

No such relief was sought, nor is it shown that facts existed which would have entitled the surety or any of his creditors to such equitable relief.

5.  Whether the executions issued to counties other than Coke were merely irregular or void, it is not necessary now to decide, for the rights of the parties do not depend on them.

6.  The title of defendants not depending on any right acquired in the adjustment made in regard to Gregory, Cooley & Co., the fact that it. was fraudulent could not change the result.  That was believed to be a valid lien at the time defendants or those through whom they claim bought under the execution to Coke County, and the belief that the land was thus encumbered to its full value furnishes the reason why the sum bid for it when sold under execution was so small.  If applicant desired to set that sale aside, he should have moved in due time and against the proper and necessary parties.

When application for writ of error, showing a case in which this court has jurisdiction, is made, all the questions presented by it are carefully considered, under the light of such arguments as may be filed; and when in such cases an application is refused, this is in effect a decision by this court that the decision of the Court of Civil Appeals is correct in its result, and ordinarily opinions in writing are not given in overruling such an application, even though we may not concur in all the reasoning through which the conclusion of the court is reached.

The application for writ of error will be overruled.

*Application overruled.*

Delivered April 10, 1893.