ALICE E. BURRILL *et al.*, by their next friend, *vs.* SEBASTIAN GARST.

An executor and trustee who had conveyed the interest which his testator, at the time of his death, had in a lot of land, is not a necessary party to a bill in equity against the purchaser to compel a conveyance of the land to the complainants on the ground that they became the equitable owners thereof in fee upon the testator's death, of which the purchaser, prior to the conveyance to him, had express notice, when no relief is prayed against the executor, and the bill does not seek to vacate his deed, or show that he has any interest in the land or in the suit.

The general rule as to the necessary parties to a suit in equity rests somewhat in the discretion of the court, and should be restricted to defendants whose interests are involved in the issue and are to be affected by the decree.

BILL IN EQUITY to compel a conveyance of realty. On demurrer.

The case stated by the bill was that the complainants were the equitable owners in fee of the land in suit on the ground that it had been purchased by Elethear Burrill with money in which she had a life interest only and which upon her decease would have belonged absolutely to the complainants, and that the Rhode Island Hospital Trust Company, the executor and trustee under the will of Elethear Burrill, under the authority of the Municipal Court of the city of Providence, as a court of probate, had sold the land to the re-

spondent who had purchased it with notice of the complainants' equities.

*March* 21, 1895.   MATTESON, C. J.   The general rule in equity as to parties is that all persons interested in the subject matter of the suit or in the object to be attained by it ought to be made parties either as complainants or respondents.   Story's Eq. Pl. §§ 72, 136–152.   *D'Wolf* v. *D'Wolf*, 4 R. I. 450, 454 ; *Mechanics' Bank of Alexandria* v. *Seton*, 1 Pet. 299, 306 ; *Van Keuren* v. *McLoughlin*, 21 N. J. Eq. 163, 165.   In *Bailey* v. *Ingles*, 2 Paige, 278, the rule is stated as follows :   " Persons are necessary parties when no decree can be made respecting the subject matter of litigation until they are before the court, either as complainants or defendants ; or where the defendants already before the court have such an interest in having them made parties as to authorize them to object to proceeding without such parties.   There is also another class of cases where persons who are not absolutely necessary as parties may be made defendants at the election of the complainants."   In *Kerr* v. *White*, 5 Wheat. 559, the rule is stated negatively.   " No one need be made a party complainant in whom there exists no interest, and no one a party defendant from whom nothing is demanded."   The purpose of the rule is to promote the convenient administration of justice and to prevent a multiplicity of suits.   It rests to a considerable degree in the discretion of the court and should be restricted to defendants whose interests are involved in the issue and are to be affected by the decree.   *Mechanics' Bank of Alexandria* v. *Seton*, 1 Pet. 306.

We see no reason for requiring the Rhode Island Hospital Trust Company to be made a respondent.   According to the allegations of the bill it has no interest in the property to which the suit relates, having conveyed the interest which it took under the will of Elethear Burrill to the respondent. The bill does not seek to set aside the deed from it to the respondent, but avers that it passed to the respondent nothing but a naked legal title to the property, of which the complainants seek a conveyance to themselves.   It contains no

allegation against the Rhode Island Hospital Trust Company which could be made the basis of any relief against it and no relief against it is demanded. By the allegations of the bill it also appears that the Rhode Island Hospital Trust Company sold only the right, title and interest of Elethear Burrill in the land at her decease and that the respondent prior to the sale had express notice of the equitable ownership of the complainants.

If there are equities existing in favor of the respondent against the Rhode Island Hospital Trust Company, as assumed by counsel in argument, though none were stated, they do not appear in the bill and do not, so far as appears, affect the complainants, and, if not, they ought not to be involved in litigation over matters which do not concern them and which can be more appropriately considered in · another suit between the parties directly interested therein.

Demurrer overruled.

*Elisha C. Mowry & Livingston Scott*, for complainants.

*Simon S. Lapham, Edward D. Bassett & Edward L. Mitchell*, for respondent.