CENTRAL TEXAS EXCH. NAT. BANK OF WACO v. FIRST NAT. BANK OF WACO et al.　(No. 6428; Motion No. 5659.)

(Court of Civil Appeals of Texas.　Austin. Dec. 20, 1922.)

Appeal and error ⬥⟾361(5), 1202—Refusal by Supreme Court of writ of error affirms judgment of Court of Civil Appeals rendering questions res adjudicata.

The effect of a decision of the Supreme Court in refusing an application for writ of error is to affirm the judgment of the Court of Civil Appeals, and the questions became res adjudicata, so that Court of Civil Appeals will not grant a third rehearing after refusal of writ of error to refusal of second rehearing on same ground as presented in the third rehearing.

Appeal from District Court, McLennan County.

On appellees' third motion for rehearing. Motion overruled.

For former opinion, see 243 S. W. 998.

BRADY, J. We permitted the filing of a third motion for rehearing by the appellee First National Bank of Waco, without formal order upon the representations therein that our last judgment necessarily resulted in working a grave injustice to it, although we doubted our jurisdiction. After hearing oral arguments, and after careful consideration of the briefs filed, we have concluded that we are now without jurisdiction to grant the relief asked.

At the last term of court, on June 14, 1922, we reversed and rendered this cause for appellant. On June 28th appellee filed a motion for rehearing, which was carried over to the present term, and was overruled on October 4th. The case was then taken to the Supreme Court on application for writ of error. The application was refused by the Supreme Court; its judgment being rendered November 15th. Upon the authority of Gam-

mel-Statesman Publishing Co. v. Ben C. Jones & Co. (Tex. Com. App.) 206 S. W. 931, we hold that we have no jurisdiction to grant the relief prayed for in the third motion for rehearing. Aside from the point raised by appellant that the judgment was rendered at a former term of court, and that our jurisdiction ended with the expiration of that term, as to any motion filed at the present term, we think the matter is concluded by the judgment of the Supreme Court in refusing the writ of error. The very questions now sought to be reopened and which we are asked to review, it was conceded in argument, we presented to the Supreme Court in the application for the writ. The effect of the decision of the Supreme Court in refusing the writ was to affirm the judgment of this court. Therefore the questions are now res adjudicata, and for us to now set aside the judgment would be, in legal effect, to set aside the judgment of the Supreme Court. This we have no power to do. Additional authorities on these points are Brackenridge v. Cobb, 85 Tex. 448, 21 S. W. 1034; Burrell v. Adams, 104 Tex. 183, 135 S. W. 1156; Sutherland v. Friedenbloom (Tex. Civ. App.) 200 S. W. 1101.

If we have done injustice by our judgment, which we do not decide, we are now powerless to remedy it. Therefore the motion will be overruled.

Motion overruled.