### GUERRA et al. v. GARCIA. (No. 7081.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 30, 1924. Rehearing Denied Feb. 21, 1924.)

**1. Tenancy in common ☞14—Conveyance of entire title by tenant in common held an ouster.**

Where grantor and wife remained in possession of land after grantor had conveyed to his wife and brother, and grantor and wife later conveyed to third party by recorded warranty deed purporting to convey the entire title, such deed amounted to an ouster of the first grantee in favor of the later grantee.

**2. Trial ☞141—Issue where facts are undisputed is one of law for court.**

Where the facts are undisputed in any case, the issue becomes a question of law for the court.

Appeal from District Court, Webb County.; John L. Dannelley, Judge.

Suit by Meliton Guerra and another against Eusebio Garcia. Judgment for defendant, and plaintiffs appeal. Affirmed.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, and C. M. Henry, of Laredo, for appellants.

Pope, Pope & Pope and Mann, Neel & Mann, all of Laredo, for appellee.

COBBS, J. This suit is an action in trespass to try title, brought by Meliton Guerra and C. M. Henry, appellants, against Eusebio Garcia, appellee, to recover title and possession of an undivided one-half interest in certain lands described in plaintiffs' petition, situated in Webb county, Tex. The appellee entered a plea of not guilty and pleaded the statutes of limitation of 3, 5, and 10 years.

Appellants and appellee claim under a common source of title, viz. Tiburcio Guerra. On the 25th of July, 1884, Tiburcio Guerra conveyed said land to his wife, Dolores Acosta de Guerra, and Meliton Guerra. Meliton Guerra, one of the appellants herein, is the brother of Tiburcio Guerra. Tiburcio Guerra and his wife, Dolores Acosta de Guerra, after the deed from Tiburcio Guerra to Meliton Guerra and Dolores Acosta de Guerra, remained in possession of said land until the 4th day of April, 1903, when Tiburcio Guerra and his wife, Dolores Acosta de Guerra, conveyed said two tracts of land by their general warranty deed to Jose Ma. Garcia and Eusebio Garcia; said deed conveying the entire title to said two tracts of land.

The case was tried before a jury; the court submitting only one issue of fact for the jury to find, and in respect to the other issue, of limitation, the court made a separate finding on the undisputed evidence.

In order to avoid the defense of the statute of limitation, testimony was offered to show an agreement or understanding that when appellee acquired title to said property there was an agreement between the grantor and the grantee, that, notwithstanding the grantor was a tenant in common with appellant, that appellee took the title with the distinct understanding that it conveyed an undivided interest and not the entire estate; the appellee contending to the contrary. There being testimony on that issue, the court submitted to the jury the sole issue, to wit:

"Question No. 1: Did J. M. Garcia, at the time he procured the deed to the land in controversy from Tiburcio Guerra and wife, Dolores Acosta de Guerra, agree not to assert any claim adverse to the interest of the plaintiff Meliton Guerra in the land in controversy, and was Meliton Guerra shortly thereafter advised of such agreement? Answer 'Yes' or 'No.' We the jury answer question No. 1, 'No.' "

The finding of the jury is supported by the testimony, and that finding eliminated from the consideration of the case any question in passing the title, except the one that the whole estate passed by virtue of the conveyance, without limitation.

[1] This deed amounted to an ouster of the interest of the cotenants. The deed was duly recorded, and the appellee went into possession of the said land, assessed and rendered it for taxes, and paid the taxes thereon, claiming the land openly, notoriously, and adversely, and hostile to the world.

It is true, under our statute, as contended by appellants, that the grantor in a conveyance can only pass such title as the grantor owns at the date of the conveyance; but that has no application here for the purposes of limitation and ouster, because the grantor undertook to convey the whole estate, and the grantee held under such conveyance, asserted his right, title, and interest to the same by going into possession, and making the proper use and enjoyment thereof, the proper registration, payment of taxes, etc., and every element or indicia to show his adverse claim and holding is apparent in this case, and we hold that such conveyance was sufficient basis of the appellee's claim by virtue of the statute of limitation. Appellants' contention is overruled.

This brings us to the question of the statute of limitation. After having received the verdict of the jury, and in addition to the finding of the jury, the court undertook to make findings upon the question of limitation.

As the findings of the court are based upon the undisputed testimony, and submitted in support of the jury's' finding, and are so complete, we set them forth, at length, as follows:

"The court finds as a fact proven and undisputed by the evidence the execution and delivery of a deed from Dolores Acosta de Guerra and husband, Tiburcio Guerra, to Jose Maria Garcia and Eusebio Garcia, defendant herein, conveying among other lands all of the 80 acres, patented to Valeriano Ramirez, and by agreement of the parties to this suit, known as Survey No. 55, and all of the 160 acres of land, known as survey No. 54, patented to Francisco Ramirez, recorded in the deed records of Webb county, Tex., on April 8, 1903. Also the partition deed of Jose Maria Garcia to Eusebio Garcia, the defendant herein, partitioning to Eusebio Garcia, among other lands, the 80 acres patented to Valeriano Ramirez, and known as survey No. 55, and the 160 acres patented to Francisco Ramirez, and known as survey No. 54, to Eusebio Garcia, of which deeds the plaintiffs had notice.

"The court finds as a fact, proven and undisputed by the evidence, that the defendant holds under deed and deeds duly recorded, referring to letters patent specifying the boundary lines of the two surveys in controversy; that it was established as a fact by the undisputed evidence that the defendant paid taxes on said property continuously each year from and including the year 1906, to and including the year 1922, on the two surveys in controversy, that it was established as a fact proven and undisputed by the evidence that the defendant and those under whom he claims have had and held continuous, peaceable, and adverse possession of the two surveys in controversy, from the year 1903 to and including the year 1922, cultivating, using, and enjoying the same during all of the period of said time.

"The court finds as a fact, proven and undisputed by the evidence, that the defendant, Eusebio Garcia, has for more than 5 years prior to the filing of this suit had and held the land described in plaintiffs' petition in peaceable and adverse possession under deed and deeds duly recorded in the deed records of Webb county, Tex., more than five years before the filing of this suit, and which deeds refer to the survey and letters patent for field notes and boundary description, and using and enjoying the same and cultivating more than one-tenth of each survey and paying the taxes thereon.

"The court finds as a fact, proven and undisputed by the evidence, that the defendant, Eusebio Garcia, has for more than 10 years prior to the filing of this suit had and held the lands described in plaintiffs' petition under a written memorandum of writing, 'to wit, deeds duly recorded,' referring to the letters patents for description and field notes, and has had and held peaceable and adverse possession of said land for more than 10 years prior to the filing of this suit, cultivating more than one-tenth of each survey, using and enjoying the same and paying all taxes thereon.

"It appearing to the court that under the findings of fact, found by the jury, upon the only disputed issue under the evidence, and the findings of fact found by the court upon the issues, undisputed in the evidence, that the plaintiffs should take nothing by their suit, and that the defendant should have his title in all things quieted."

[2] We have examined special charge No. 1, requested by the appellants. This charge really was a request to submit to the jury the issue of limitation. This charge would have been correct, had it not been for the fact that the issue was undisputed. Where the facts are undisputed in any case it becomes a question of law for the court to determine, and there is nothing for the jury to do.

We might commend this practice, giving this case as an example. The superior training of the court enabled him to listen to this testimony carefully, to weigh the same and determine as to whether or not there was a dispute. If he had submitted it to the jury and the jury found against his view, it would have necessitated granting a new trial, or the rendition of a judgment contrary to the finding of the jury. The court did not err in this charge or in its findings.

We see no error committed, think the case has been fairly and fully tried, involving no intricate question of law, being solely a fact case, in which the findings, both of the jury and the court, are sustained by the testimony. We decline to disturb the judgment of the trial court, and hereby affirm the same.

Affirmed.