## KOCUR et al. v. PAWELEK et al.
## (No. 7257.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 7, 1925.)

**1. Cancellation of instruments ⬳46—Exclusion of evidence as to plaintiff's control of premises in action to set aside deed thereto and vendor's lien notes held not error.**

Where one of plaintiffs, seeking to set aside deed to them and vendor's lien notes executed by them, had testified that vendors "did not

work the farm when we went on it," and that she and her husband directed every one on the place, exclusion of further immaterial testimony that she and her husband had absolute control *held* not error.

**2. Witnesses** ⊛=160(1)—**Statements of one deceased may be testified to by persons not parties to suit.**

Rev. St. art. 3690, has no reference to transactions with or statements by deceased person, except when party to suit endeavors to testify thereof, and statements by one deceased made in presence of party to litigation may be testified to by one hearing them.

**3. Trial** ⊛=141—**Direction of verdict proper where facts uncontradicted.**

Where there are no contradictions in the facts, it is not error to direct verdict.

**4. Homestead** ⊛=96—**Homestead rights could not be asserted against lien for unpaid purchase money.**

Plaintiffs, who while in possession of realty, in compromise of controversy, admitted it had not been paid for and gave purchase-money notes reserving vendor's lien, could not thereafter assert homestead rights superior to such lien.

Error from District Court, Karnes County; Covey C. Thomas, Judge.

Action by Frances Kocur and another against A. F. Pawelek, executor, and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Cline & Pruitt and James A. Harley, all of San Antonio, for plaintiffs in error.

Thomas B. Smiley and D. O. Klingeman, both of Karnes City, and Bell & Bell, of San Antonio, for defendants in error.

FLY, C. J. Plaintiffs in error, Frances Kocur and her husband, Urban Kocur, were plaintiffs in the court below, and will be so designated in this court, seeking to set aside a certain deed to them and certain vendor's lien notes executed by them, on the ground of fraud; the defendants in error, consisting of a number of parties, being the defendants in the suit, and so designated here. The court after hearing the testimony instructed the jury to return a verdict in favor of defendants, and rendered judgment as follows:

"It is further adjudged and decreed by the court that the unpaid portion of said eight vendor's lien notes, to wit, five notes for $500 each of even date with said deed of December 31, 1918, being notes Nos. 4, 5, 6, 7, and 8, executed by Urban Kocur in favor of Mrs. Josephine Pawelek, according to their face and tenor, effect, and reading, constitutes a valid and binding obligation against said plaintiff Urban Kocur, secured by a valid vendor's lien against the 180 acres of land herein before described, in favor of the defendant A. F. Pawelek for himself and as trustee for the defendants Frank Pawelek, Charles Pawelek, John A. Pawelek, Jr., Leon Pawelek, and Agatha Gawlik, and Julia Pietrucha; but no judgment and foreclosure is given and decreed on said notes and liens in this decree, but nothing herein contained shall be construed to be a bar to the defendants, the legal and equitable owners of said notes, their heirs, or assigns from enforcing the collection of said notes and foreclosing the said lien on said land in any court of competent jurisdiction."

The testimony showed that plaintiff Frances Kucur was the daughter of Maczief Pawelek and Josephine Pawelek, and a sister of A. F. Pawelek, Frank Pawelek, Charles Pawelek, John A. Pawelek, Leon Pawelek, Agatha Gawlik, and Julia Pietrucha, the latter two joined with their husbands; that on November 11, 1911, the said Maczief Pawelek and Josephine Pawelek made, executed, and delivered to plaintiff their warranty deed to 180 acres of land, the consideration being $1,000, "and the further consideration of the love and affection which we have for our son-in-law and daughter, the said Urban Kocur and Frances Kocur, and the further consideration that the said Urban Kocur and Frances Kocur shall take care of us, the said Maczief Pawelek and Josephine Pawelek, during our lifetime, and shall furnish board and clothes and comfortable, sanitary and roomy living quarters in our present home, and shall do any and all things necessary toward keeping us in good health, and shall furnish a physician and give us medical attention in case of sickness, and in the event of the death of both or either of us, the said Urban Kocur and Frances Kocur shall pay all funeral expenses, failure to comply with the things herein said to be done shall make this deed null and void, otherwise to become absolute, and said Urban Kocur and Frances Kocur shall reside on the premises conveyed until the death of both of us. * * *" Unlike many of this class of deeds made by parents to children, everything was agreeable between the parties for two years and until the death of Maczief Pawelek in 1913, being 81 years of age at the time of his death. Plaintiffs worked the farm and cared for their parents. Josephine Pawelek left the home of plaintiffs in 1918, and died in 1922. There is no testimony tending to show that plaintiffs did not perform every condition required of them in the deed during the two years that both grantors lived with the grantees. Mrs. Josephine Pawelek left plaintiffs in 1918, claiming that she was not provided for, and was neglected and mistreated. On December 31, 1918, Mrs. Josephine Pawelek, in consideration of $4,500, executed a deed to plain-

⊛=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tiffs to one-half of the 180 acres, reserving a vendor's lien to secure eight promissory notes which were executed to her by plaintiffs for all the purchase money except a cash payment of $500. Three of the notes were paid, leaving five, which plaintiffs desired to cancel. The testimony showed that Mrs. Josephine Pawelek was contemplating a suit to recover the 180 acres when a compromise was made that a deed should be executed to plaintiffs by all the defendants to the one-half of the land claimed by Mrs. Josephine Pawelek. There was no evidence whatever of any fraud on the part of the defendants, or that plaintiffs were overreached in the compromise. It was freely made by them, and they made no complaint until this suit was instituted about four years after the compromise was made.

[1] The evidence, the rejection of which is complained of in the first, second, third, and fourth propositions, was given by Mrs. Kocur, who swore, as shown by the statement of facts, that "Mr. and Mrs. Pawelek did not work the farm when we went on it." She stated that plaintiffs were in possession of the property after receiving the deed, and that she and her husband directed every one on the place. In the face of this complaint is made that she was not allowed to state that she and her husband had absolute control of the place. The evidence was immaterial anyway. No one denied their control of the place. The testimony had no bearing on the object of the suit, which was to set aside a deed and notes made in 1918.

The attorney, Faith, was not testifying to anything growing out of his confidential relations, as their attorney, with plaintiffs. He knew of the compromise from the defendants as well as from the plaintiffs, and was engaged in securing it. Neither was it revealing anything obtained from his clients by his testimony to the effect that he was the adviser of his clients in the compromise. He did not tell anything that occurred between him and his clients, or that he said to them, or that they said to him.

[2] The communications made by Mrs. Josephine Pawelek, which were testified to by C. L. Bell, were made in the presence of plaintiffs and at least some of the defendants. Article 3690, Revised Statutes, has no reference to transactions with or statements by a deceased person, except when a party to a suit endeavors to testify as to such transactions or statements.

The testimony objected to, as shown in the eighth proposition, may have been irrelevant and immaterial, but it could not possibly have injured plaintiffs.

The ninth proposition is too general and obscure to be considered, and it is overruled.

[3] There were no contradictions in the facts, and the court did not err in instructing a verdict for defendants.

[4] The question of homestead, about which much of the brief is consumed, is not an issue in this case, and could have no influence in any way on the result of the trial. If plaintiffs were willing to admit that they had not paid for the land and made provision for paying off the purchase money, they had the power and authority to do it. It was not their homestead as against unpaid purchase money.

No objection is urged to a failure of the court to foreclose the vendor's lien on the land, and if it satisfies the defendants, and it must satisfy them, because in closing their brief they "pray the court that the judgment of the district court be in all things affirmed," this court will not disturb it. The defendants, and not plaintiffs, have cause to complain of the judgment.

The judgment is affirmed.