## HART v. WILSON. (No. 2581.) *

(Court of Civil Appeals of Texas. Amarillo. Jan. 13, 1926. Rehearing Denied Feb. 17, 1926.)

**1. Appeal and error ⬅80(2)—Judgment for specific performance is final and appealable, though not to be executed until payment of certain sum to defendant.**

In suit for specific performance of preference right to purchase land, judgment to be executed and put into effect on payment by plaintiff of certain sum to defendant *held* final and appealable, though plaintiff had not paid sum specified.

**2. Appeal and error ⬅361(5).**

Dictum in opinion of Court of Civil Appeals is not approved by refusal of writ of error by Supreme Court.

**3. Specific performance ⬅106(1) — Vendor held not necessary party to suit against purchaser to specifically enforce preference right to purchase granted to plaintiff by vendor.**

Vendor, who has conveyed entire interest in land, is not a necessary party to a suit against purchaser to specifically enforce preference right to purchase granted to plaintiff by vendor.

**4. Vendor and purchaser ⬅231(15)—Registration of contract, not acknowledged by grantor, is not constructive notice (Rev. St. 1925, art. 1294).**

Registration of lease containing preference right to purchase, acknowledged only by grantee, and not by grantor, as required by Rev. St. 1925, art. 1294, *held* not constructive notice of terms of contract.

**5. Vendor and purchaser ⬅232(2)—Inclosure of land and use as pasture as part of ranch for 6 years prior to purchase by another is sufficient possession to give constructive notice of rights of possessor.**

Inclosure of land and use as pasture for part of ranch for 6 years prior to purchase by another is sufficient possession to give constructive notice of rights of possessor equivalent to registration.

**6. Evidence ⬅378(1)—Letter of vendor referred to in his testimony held admissible, without proof of signature or further authentication, especially in view of other correspondence introduced.**

Where vendor of land in deposition testified to having written purchaser about certain date relative to land, and correspondence between parties was in evidence, admission of letter, part of contents of which vendor testified to, *held* proper, without proof of his signature or further authentication.

**7. Specific performance ⬅28(2).**

Lease containing preference right to purchase land *held* not so uncertain or contradictory as to be incapable of specific performance.

On Motion for Rehearing.

**8. Evidence ⬅589—Testimony of interested party as to existence of physical facts may not be disregarded by jury.**

Although credibility of witness is question for jury which may ordinarily disregard evidence of interested witness, testimony of interested party as to existence of physical facts which is in no way contradicted cannot be disregarded.

**9. Appeal and error ⬅1071(1).**

Where court is warranted in giving peremptory instructions, findings of jury are immaterial, and may be disregarded.

Error from District Court, Bailey County; R. C. Joiner, Judge.

Suit by Maple Wilson against E. R. Hart and another. Judgment for plaintiff against defendant Hart, and he brings error. Affirmed.

Pressly & Thomas, of Muleshoe, and Williams & Martin, of Plainview, for plaintiff in error.

Robt. A. Sowder, of Lubbock, for defendant in error.

HALL, C. J. Maple Wilson sued E. R. Hart and J. H. Brokaw in the district court, praying for specific performance of the following contract, which plaintiff alleged that he entered into with Brokaw, who was the owner of a quarter of a section of land in Bailey county; the contract is as follows:

"Know all men by these presents: That I have this day leased Maple Wilson for grazing purposes for 3 years from date of this lease, the southwest ¼ of section 9, Hansford county school lands in Bailey county, Texas, containing 160 acres, for 10 cents per acre per annum, payable each year in advance at Farmer's State Bank, Hopkinton, Iowa. This lease is made subject to sale with right to assign said lease by lessee; and any unearned lease money shall be returned to Maple Wilson in case of sale, and lessee shall have 60 days' notice in case of sale, and, as a part of this lease and in consideration of the sum paid for same, as aforesaid, the said Maple Wilson shall have the preference right at the end of said lease to re-lease, and the preference right to buy said land at the price and on the terms offered for it, if sold.

"Witness our hands this the 25th day of August, 1923.

"[Signed] J. H. Brokaw, Lessor.
"Maple Wilson, Lessee."

The lease was duly acknowledged by Wilson, but was not acknowledged by Brokaw.

After the declaration of the terms of the lease, the petition alleges that Brokaw sold the land to Hart, and failed to give plaintiff an opportunity to buy the same, and prayed that Hart be required to convey the land to plaintiff by sufficient deed, upon the payment by plaintiff to Hart of the sum of $1,280,

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 31, 1926.

which he tenders in his pleading. He prays, in the alternative, that he have his damages in the sum of $720. Brokaw was a nonresident of the state, and plaintiff took a nonsuit as to him.

The defendant Hart answered by general demurrer, certain special exceptions, general denial, and specially denied that he had any notice, as alleged in plaintiff's petition, and set up the fact that he had purchased the land and paid the consideration to Brokaw, without any notice of plaintiff's alleged rights.

By supplemental pleading the plaintiff alleged that Hart knew he was in possession of the land under his lease and under his option to purchase; that, if he did not actually know said facts, he had knowledge of sufficient facts to put him upon inquiry, and could have known, by the use of reasonable diligence, of plaintiff's preference right to purchase from Brokaw; that Hart had constructive notice of plaintiff's rights by reason of the fact that the contract was duly recorded; and that such notice was brought home to him when only $50 of the purchase price had been deposited under the contract of sale with Brokaw.

The case was submitted on special issues, in response to which the jury found: (1) That Hart had no actual notice of the contract of sale between Brokaw and plaintiff, Wilson; (2) that Hart had no actual notice that plaintiff, Wilson, was in possession of the land or was claiming any interest therein; (3) that Hart was in possession of no fact or facts which would put a reasonably prudent person on inquiry that the plaintiff, Wilson, was claiming any interest in the land prior to the date of closing the contract; (4) that the highest cash market value of the land in question at the date of closing the contract and at any time since is $8 per acre; (5) that, prior to entering into the contract for the sale of the land to Hart, Brokaw did not offer to sell the land to plaintiff at $8 per acre cash; (6) that, prior to the sale of the land to Hart, Brokaw did not deny plaintiff, Wilson, the right to buy the land in question at $8 per acre cash.

The court entered a judgment in favor of Wilson, decreeing specific performance of the contract, and directing Hart to convey the premises in question to Wilson, and deposit the conveyance in the registry of the court within 20 days from the date of the judgment. It further directed the clerk of the court to deliver said conveyance to Wilson upon the payment into the registry of the court by Wilson of the sum of $1,280 for the use and benefit of Hart. It is further recited in the judgment that, if Hart refuses to obey the order of the court in executing the conveyance, the judgment shall have the force and effect of a deed of conveyance upon the payment by plaintiff into the court within 20 days of the said sum of $1,280 for the use and

benefit of Hart. The record does not show whether said deed has been made, nor whether Wilson has ever paid the sum of $1,280.

[1] Wilson moves the court to dismiss the appeal, for the reason that Hart is not deprived of his land and is not aggrieved in the sense that he is entitled to appeal until it is shown that the $1,280 has been paid by Wilson. This motion must be overruled. The judgment awards the judicial consequences which the law attaches to the facts, and determines the rights of the parties, and the controversies between them over the subject-matter, and it is, therefore, a final judgment. The recital in the judgment set out above is simply the method provided by the court for the execution of the decree; and, according to the recital, the judgment may be executed and the decree put into effect when Wilson pays the $1,280. It therefore does not lie in his mouth to question the right of Hart to appeal from a judgment which determines adversely the issues urged by him. Ware v. Jones (Tex. Com. App.) 250 S. W. 663.

The first contention is that, since Brokaw was the grantor in the contract, and the owner of the land, and has been dismissed from the suit by reason of the fact that he is a nonresident and has not answered, the court had no jurisdiction to decree specific performance against Hart, the vendee, because Brokaw is a necessary party to such an action. In support of his contention, the appellant cites the case of Campbell v. McFadden, 31 S. W. 436, 445, 9 Tex. Civ. App. 379. In that case the special justice who wrote the opinion said that McFadden was a necessary party to the suit for specific performance of the contract executed by him, and

—"the authorities are unanimous in holding that, in actions for specific performance of contracts concerning real estate, the necessary parties defendant are the maker of the contract and his vendees."

No authorities are cited in support of the rule announced. After a careful investigation of all the authorities accessible to us, we have concluded that the weight of authority is against the rule there announced. 36 Cyc. pp. 736, 764, notes 75, 76; 23 Standard Procedure, 1035, 1043.

Reference to the Campbell-McFadden Case shows that William McFadden was entitled, as a citizen of Texas, to a league of land, and, by written contract, bound himself to quitclaim to Halbert & Garner a half interest in the league when obtained from the state of Texas, in consideration of the latter's services in locating the land, obtaining a patent from the land office, and paying all expenses.

It appears that McFadden had transferred to other parties an interest in the league which had been located upon land covered by a prior location. It seems that Halbert & Garner had also made transfers of their pur-

ported interest in the league, and, with their subvendees, had themselves occupied a part of it. The legal representatives of these original claimants were the parties to the suit, and the deposition of William McFadden was admitted in evidence over the objections of the appellant. The opinion does not state the objection, but the only reasonable inference is that it was objected to because it related to transactions with deceased persons and was inadmissible under the statute. In order to avoid the force of the objection, it seems that William McFadden filed a disclaimer, in which he stated that he owned no interest in the property and had disposed of all interest which he had ever owned before the filing of the suit; but it also appears that he had answered in connection with other defendants, and had filed a plea of non est factum which he had verified. Judge Bryan said:

"Also, we believe it was error to admit the deposition of William McFadden. His filing a disclaimer did not make him less a party to the suit, after answering fully, as he did, with all defendants, in filing plea of non est factum."

As we understand the opinion, the admissibility of the deposition, after McFadden had disclaimed, was the point to be decided; but the learned judge who wrote the opinion proceeded as follows:

"In fact, William McFadden was a necessary party to this suit, it being one for specific performance of a contract executed by him."

[2, 3] We fail to find anywhere in the opinion that the question of misjoinder and nonjoinder of parties was an issue, and certainly no such was made as to McFadden, because he had answered. We therefore conclude that what was said in the opinion with reference to William McFadden being a necessary party because he had executed the contract is obiter dictum. It is true that the Supreme Court refused a writ of error in that case; but such action cannot be taken as an approval by the Supreme Court of the dictum quoted above, especially when no authorities are cited in support of such rule. The effect of refusing a writ of error by the Supreme Court is stated by Judge Gaines in Fleming v. Loan Agency, 27 S. W. 126, 87 Tex. 238, 26 L. R. A. 250, as follows:

"In rejecting an application for a writ of error, we approve the result of the case as determined by the Court of Civil Appeals, but do not necessarily adopt the opinion."

Upon this point, Judge Stayton, in Brackenridge v. Cobb, 21 S. W. 1034, 85 Tex. 448, said:

"When application for writ of error, showing a case in which this court has jurisdiction, is made, all the questions presented by it are carefully considered, under the light of such arguments as may be filed; and, when in such cases an application is refused, this is, in effect, a decision by this court that the decision of the Court of Civil Appeals is correct in its result, and, ordinarily, opinions in writing are not given in overruling such an application, even though we may not concur in all the reasoning through which the conclusion of the court is reached."

These cases are cited with approval, and the effect of such action by the Supreme Court is further discussed in Smith v. Jones, 132 S. W. 469, 103 Tex. 632, 31 L. R. A. (N. S.) 153; Terrell, Comptroller, v. Middleton, 191 S. W. 1138, 193 S. W. 139, 108 Tex. 14.

We have concluded, since reviewing the numerous authorities to the contrary, that because the statement in the Campbell Case is merely dictum, and the great weight of authority is unquestionably to the contrary, and because it cannot be presumed that the Supreme Court approved that part of the opinion by refusing the writ of error, Brokaw is not a necessary party to this suit. He had sold the land described in the contract before this suit was instituted, and is a nonresident of the state. He entered no appearance in the case, and the record does not show that he was ever cited as a nonresident. A suit for specific performance is an action in personam. Kinkead v. Clark (Tex. Civ. App.) 239 S. W. 717. Since he does not own the land and has divested himself of the title by his conveyance to Hart, a judgment against him would be a nullity, because he could not perform a contract in which he has no interest. In the Campbell Case, McFadden had filed a plea of non est factum before he filed his disclaimer. An issue was joined upon his plea and it is probable that the fact of such plea influenced the learned special judge in holding that he was a necessary party. The general equity rule with reference to parties is that no one is a necessary party unless he has an interest in the controversy or the subject-matter of the suit.

The only relief prayed for by Wilson against Brokaw was specific performance. Hart filed no cross-action against Brokaw, did not pray that he be made a party, and asked no relief whatever against him. We therefore overrule the first proposition.

[4] By his second proposition, plaintiff in error insists that, because Brokaw did not acknowledge the instrument which gave Wilson the preference and option of purchasing the land at the same price it could be sold to others, the registration of the instrument was not constructive notice to Hart. We think this proposition is sound. The acknowledgement of an instrument is purely a statutory requirement, and compliance with the statute has no other or further effect than the statute gives it. R. S. 1925, art. 1294, provides for the acknowledgement of conveyances of real estate by the grantor only. The laws of Texas do not provide for or attach any importance to an acknowledgement of such an instrument by the grantee. We therefore hold that the registration of

the contract, acknowledged by the grantee only, is not constructive notice under our registration laws.

[5] Plaintiff in error further insists that because the court submitted issues to the jury, upon which findings were returned, that Hart did not have actual notice of plaintiff's rights, or any fact putting him upon inquiry, the court erred in not rendering judgment in accordance with the findings, and in rendering judgment in favor of plaintiff.

Wilson testified that the land in controversey was in his pasture and that the pasture was fenced; that there was a little over a section inclosed under the particular fence that fences the land in controversy; and that it had been fenced for 6 years, during which time he had used it as a winter feed pasture. He further testified:

"The quarter section of land in controversy is out of the same section as the quarter section of land that Mr. Hart bought in 1923, and is just across the fence west of that quarter section. There is just a fence between the two quarter sections. The land involved in this suit is land southeast, probably a quarter or half a mile southeast of the Figure Two Headquarters. My land lies just north of this quarter section in my pasture, and my pasture lies east of it and south of it, and my field lies on the west of it."

Notwithstanding the findings of the jury set out above, the court, in the judgment, sets out his finding that Hart had constructive notice of Wilson's right to buy the land, and renders judgment for Wilson based, presumably, upon such finding. That the land in question was fenced and included in Wilson's pasture, and was used by him for pasturage for his cattle, and had been a part of his ranch for 6 years before Hart purchased it from Brokaw, is not controverted. The writing upon which he bases his action for specific performance is the authority under which he held the land. Such possession is sufficient to give constructive notice to any one dealing with the land, and is equivalent to registration. League v. Buena Ventura Stock Co., 21 S. W. 307, 2 Tex. Civ. App. 448; Taliaferro v. Bulter, 14 S. W. 191, 77 Tex. 578; Church v. Waggoner, 14 S. W. 581, 78 Tex. 200; Mainwarring v. Templeman, 51 Tex. 205; Lasater v. Jamison (Tex. Civ. App.) 203 S. W. 1151. Such possession is uniformly held in this state to be constructive notice of whatever claim or title the possessor has; and, when the fact of possession is shown, it is not necessary to further prove that the party to be affected by the notice had knowledge of the possession. Notice is a legal deduction from the fact of possession, and a purchaser, under such circumstances, is not a bona fide purchaser, because he is charged with notice as a matter of law, whether he had actual knowledge thereof or not. Ponce v. McWhorter, 50 Tex. 562; Ramirez v. Smith (Tex. Civ. App.) 56 S. W.

254; Id., 59 S. W. 258, 94 Tex. 184; Watkins v. Edwards, 23 Tex. 443; Hawley v. Bullock, 29 Tex. 217, 224; Mullins v. Wimberly, 50 Tex. 464, 39 Cyc. 1747, 13 L. R. A. (N. S.) 65, note. Wilson's possession charged Hart with the former's equitable right to enforce specific performance (Kuteman v. Carroll [Tex. Civ. App.] 80 S. W. 842); and this right could be enforced against Hart, as vendee (Scarborough v. Arrant, 25 Tex. 129).

Since the fact of possession was not questioned, we think the court would have been warranted, in so far as this issue is concerned, in peremptorily instructing the jury to find for Wilson, and the above-quoted findings of the jury are immaterial, and the court could therefore disregard them. It is true that the jury found that Brokaw did not deny Wilson the right to buy the land at $8 per acre cash, that being the price and terms upon which Hart purchased, but the jury also found that, prior to entering into the contract for the sale of the land to Hart, Brokaw did not offer to sell the land to plaintiff for $8 per acre. By the plain terms of the contract. it was the duty of Brokaw to make this offer to Wilson before selling to Hart. The record shows that the sale was made long before Wilson was informed of that fact. His selling to Hart at that price, without first giving Wilson the right to purchase at the same price, is such a breach of the contract as would entitle Wilson to maintain this action.

[6] Over the objection of the plaintiff in error, the court admitted a letter, dated Hopkinton, Iowa, June 17, 1924, addressed to Wilson, and signed J. H. Brokaw, the contents of which is as follows:

"If you want my at the officer I made you, $1,300 cash and you have abstract brought up to date, please let me hear from your right away, as I have another party that will pay me $8 an acre cash. If you don't want it will be sold, so let me hear from you."

The court first excluded the letter because it had not been authenticated. No one had identified it as Brokaw's letter, and the writer's signature had not been proven. This ruling was probably correct; but we think the court's action in later admitting the evidence was also correct. It was shown by the testimony of both Wilson and Brokaw that there had been considerable correspondence between them with reference to the sale and purchase of the land; and, in his deposition, Brokaw testified that, "prior to or on or about June 7, 1924," he wrote Wilson with reference to the sale of the land, and that Wilson had replied; and in his deposition gives in part the contents of the letter. He further gives the contents of a letter he had previously written Wilson on May 23, 1924, in which he offered to sell him the land for $1,300, and says:

"About 3 weeks later I wrote him again offering to sell at $8 per acre cash. * * * I

offered to sell at $8 per acre cash some time about June 7, 1924, but Wilson was to accept the offer at once."

This testimony, taken in connection with the fact that other correspondence between the parties was in evidence, all referring to the same transaction, made the letter admissible without proof of Brokaw's signature or further authentication. Sealy Cotton Co. v. Gustafson & Spencer (Tex. Civ. App.) 258 S. W. 911; Denby, etc., Co. v. Mears (Tex. Civ. App.) 229 S. W. 994; International Harvester Co. v. Campbell, 96 S. W. 93, 43 Tex. Civ. App. 421; Railway Co. v. McIntyre, 82 S. W. 349, 36 Tex. Civ. App. 399; Ullman v. Babcock, 63 Tex. 68.

[7] Moreover, Wilson testified that, while he had never seen Brokaw write, he was sufficiently familiar with his handwriting to enable him to testify that the letter was written by Brokaw, and gave it as his opinion that it was genuine. The contract was not so uncertain or contradictory in its terms as to be incapable of specific performance. It conferred upon Wilson the prior right to purchase the land when sold, at the same price it could be sold to another.

We find no reversible error in the record, and the judgment is affirmed.

## On Motion for Rehearing.

It is contended by appellant that we erred in holding that Brokaw was not a necessary party to this action. We think the authorities cited in the original opinion, and the general rule whch obtains in the enforcement of equitable remedies that only persons who are interested in the controversy are necessary parties, are sufficient to sustain our holding. Since the original opinion was written, the Third Edition of Pomeroy's Specific Performance of Contracts has reached the library. In discussing the rule as enforced by the English courts, which it is said does not obtain in America, the writer says:

"The evident tendency of the American courts, however, is towards the adoption of a more comprehensive rule than the one which prevails in England, and to admit, if not to require as parties to the suit many classes of persons who are not parties to the contract, nor the representatives of such parties, but who have acquired an interest in the subject-matter and in the relief, even though it be hostile to that of the vendee and of the vendor. The general doctrine as supported by the weight of American authority is that all persons who are interested in the enforcement of the contract must be, and all those directly and specifically interested in the subject-matter may be joined as parties to the suit for specific performance"—citing, amongst many other cases, Allison v. Shilling, 27 Tex. 450, 86 Am. Dec. 622.

In section 493 the author says:

"All persons having or claiming an interest in the land derived from the vendor after the contract and with notice thereof are necessary defendants in a suit brought by the vendee or his representatives. If the vendor, subsequent to the contract, conveys or contracts to convey the subject-matter to a person who has notice of the original contract, such grantee or second vendee is bound, as has been already shown, to perform, and, of course, a necessary party defendant."

In the note to this section it is said:

"That the vendor himself, who has conveyed his entire interest, is not a necessary party. See Simmons v. Henderson, 207 Ala. 692, 93 So. 624 (though not an improper party); Fowler v. Fowler, 204 Ill. 82, 68 N. E. 414; Topeka Water Supply Co. v. Root, 56 Kan. 187, 42 P. 715; Burrill v. Garst, 19 R. I. 38, 31 A. 436; Van Dyke v. Cole, 81 Vt. 379, 70 A. 593, 1103; Vermont Marble Co. v. Mead, 85 Vt. 20, 80 A. 852."

In the same note he cites one case from Georgia and one from Mississippi holding to the contrary.

[8, 9] The movant also insists that we erred in holding that the court was justified in disregarding the immaterial findings of the jury, and in rendering judgment upon the court's finding that there was such adverse possession of the premises by Wilson as to give Hart notice of his claim. In this connection, it is insisted that Wilson was an interested party, and that the question of his credibility was one for the jury, and that, since the jury has found that Hart had no actual notice that Wilson was in possession of the land or was claiming any interest therein, and had no notice of any facts which would put a reasonably prudent person on inquiry, the court could not disregard such findings and render a judgment contrary thereto upon a finding based alone upon Wilson's testimony of his possession. The general rule is that the credibility of the witnesses is a matter for the determination of the jury, and it may be admitted that there is a further general rule that the jury has the right to disregard the evidence of a party or an interested witness; but this rule is not without exceptions. Where the issue is one of motive intention, or where the interested party testifies as to value, the extent of his suffering, conversation, and other matters unsupported by physical facts and circumstances, the general rule is ordinarily recognized. The issue decided by the court is that Hart had constructive notice of the right of plaintiff, Maple Wilson, to buy the land in controversy; and the court might have found that he had actual notice of the adverse possession of Wilson. The question presented is not one of the credibility of Wilson as a party or an interested witness. The issue is rather the fact of possession and the existence of physical facts sufficient as a matter of law to put Hart upon notice of such adverse possession. The rule is that, where the testimony of an interested party is as to the existence

of physical facts such as that the land was fenced on two sides, and cattle were being grazed upon it, and where the written lease under which such possession is held and the cattle are pastured for several years is in evidence, and where the opposite party, as did Hart in this case, testified that he knew that the land was fenced on two sides at the time he purchased it, and where no testimony was offered which even tended to contradict the fact of adverse possession, the rule is never applied. A matter about which there is no controversy in the evidence should never be left to the jury. Pullman Co. v. Gulf, C. & S. F. Ry. Co. (Tex. Com. App.) 231 S. W. 741. The action of the court in disregarding the immaterial findings and rendering a judgment upon the material issue of adverse possession under the circumstances above stated is sustained by numerous authorities in this state. Dallas Hotel Co. v. Newberg (Tex. Civ. App.) 246 S. W. 754; Kocur v. Pawelek (Tex. Civ. App.) 268 S. W. 241; Southwestern Lumber Co. of New Jersey v. Allison (Tex. Civ. App.) 261 S. W. 1085; L. L. & G. Insurance Co. v. Cabler (Tex. Civ. App.) 271 S. W. 441; Grand Fraternity v. Melton, 117 S. W. 788, 102 Tex. 399.

With reference to the right of the jury to pass upon the credibility of the witnesses, it is said in San Jacinto Rice Co. v. Ulrich (Tex. Civ. App.) 214 S. W. 777:

"But, notwithstanding this rule, under the facts in this case this jury was not authorized to disregard all the testimony before it, and to render a judgment unsupported by even an intimation from any source that the testimony of Lyons was not true on this issue."

In Guerra v. Garcia (Tex. Civ. App.) 258 S. W. 531, the court was discussing the findings of the trial judge with reference to possession under the 5 and 10 years statutes of limitation, and of the action of the trial court in refusing to submit a special issue under a claim of title where the issue of limitation was involved in the case, and the court said:

"We have examined special charge No. 1, requested by the appellants. This charge really was a request to submit to the jury the issue of limitation. This charge would have been correct, had it not been for the fact that the issue was undisputed. Where the facts are undisputed in any case, it becomes a question of law for the court to determine, and there is nothing for the jury to do.

"We might commend this practice, giving this case as an example. The superior training of the court enabled him to listen to this testimony carefully, to weigh the same and determine as to whether or not there was a dispute. If he had submitted it to the jury and the jury found against his view, it would have necessitated granting a new trial, or the rendition of a judgment contrary to the finding of the jury. The court did not err in this charge or in its findings."

In Cochran v. Hamblen (Tex. Civ. App.) 215 S. W. 374, the issue was as to the wages due the agent of an insurance agency, and the value of the agency business which plaintiff had sold to the defendant insurance agency. The court, after recognizing the rule that the jury has the right to pass upon the credibility of the witnesses, says:

"As we view the record in this case, as disclosed in the statement made by us, and in the statements made under the assignments above discussed, plaintiff's testimony was not unsupported. In estimating the compensation to be paid plaintiff under * * * the contract, it must have been in the contemplation of both parties that plaintiff's books would have to be used by them in determining 10 per cent. of the gross premiums of all old business brought into [the] agency by the plaintiff."

The court then continues as follows:

"We believe that the testimony of plaintiff was sufficiently corroborated to warrant the court in instructing the jury as to the value of old business, as set out in section 5 of the contract."

The other contentions advanced in the motion, we think, have been satisfactorily disposed of in the original opinion, and will therefore not be further discussed here.

The motion is overruled.