**MERCHANDISE MART, INC., Appellant,**

v.

**Herman MARCUS, Appellee.**

**No. 627.**

Court of Civil Appeals of Texas, Tyler.

Nov. 8, 1973.

Arlen D. Bynum, Dallas, for appellant.

Emil Corenbleth, Fischman, Rosenberg, Kasmir & Willingham, Lawrence Fischman, Dallas, for appellee.

PER CURIAM.

This suit was originally filed by the appellant, Merchandise Mart, Inc., against the appellees, Herman Marcus, et al, in the 95th Judicial District Court of Texas in the County of Dallas. Appellant sought to recover damages for breach of a monthly lease agreement along with interest and attorney's fees. Appellee defended on the theory that it had been fraudulently induced to enter into said lease agreement. Trial was had before a jury and answers to special issues were returned in favor of the appellee and against the appellant.

The only matter raised by the special issues concerned the appellee's defense of fraud.

On the 2nd day of December, 1970, this cause was withdrawn from consideration of the jury as to defendants, Herman Marcus, Inc., and Mr. Jack, Inc., and judgment was entered for them as a matter of law. Defendant/appellee, Herman Marcus, had judgment entered on the jury verdict in his favor on the 7th day of July, 1971, decreeing Merchandise Mart, Inc., take nothing by its suit. Appellant timely perfected its appeal to this court against appellee, Herman Marcus. At the last term of court, on August 3, 1972, we reversed and rendered this cause for appellant, 483 S.W.2d 893. Appellee filed its motion for rehearing in this court and it was overruled on August 31, 1972. The case was then taken to the Supreme Court on application for writ of error. The application was refused, no reversible error, by the Supreme Court, its judgment being rendered April 4, 1973.

Since the trial court made no finding as to the amount of rental due Merchandise Mart, Inc., and the case was reversed and rendered without providing a monetary amount of damages, the appellant has been unable to levy execution on its judgment. Appellant now moves this court to amend the mandate we previously issued for the purpose of providing a sum certain in damages. It is alleged the trial court found the amount owed on the lease was not in controversy and, therefore, no issue was submitted on the uncontroverted amount of money owed.

We find ourselves unable to act. We are of the opinion that the Supreme Court relieved the Court of Civil Appeals of all jurisdiction by refusing the application for writ of error. By refusing the writ N.R. E., the Supreme Court concurred in the result, if not in the entire opinion, and we find ourselves powerless to add to or change that which was approved by a superior court. In Gammel Statesman Pub. Co. v. Ben C. Jones & Co., 206 S.W. 931 (Tex.Comm.App., 1918), the Supreme Court adopted the following language:

" * * * It is well settled that, when the jurisdiction of the Supreme Court attaches, the court has full control of the cause, and can make such orders concerning it as may be necessary to preserve the rights of the parties and enforce its mandates. *Its jurisdiction continues until the case is fully determined by the court and its judgment is completely executed by the court below.* For the purpose of enforcing its mandates, it may make any order, and, if necessary, may resort to the writ of mandamus or any other appropriate writ known to our system of jurisprudence. Wells v. Littlefield, 62 Tex. 28. The action of the Supreme Court in refusing a writ of error in this cause was binding on the court of civil appeals. The court of civil appeals at the time the motion under review was filed and acted upon was without jurisdiction of the case and had no power to enter *any* order or judgment therein. To hold otherwise would be to deny to the Supreme Court its power as a court of last resort. * * *" (Emphasis added.)

Also see Central Texas Exch. Natl. Bank of Waco v. First Natl. Bank of Waco, 246 S.W. 111 (Tex.Civ.App.—Austin, 1922, writ. dism.).

Regardless of the correct disposition which should be made of this case, we are now powerless to provide a remedy. Therefore, the Motion to Amend the Mandate is dismissed for want of jurisdiction.