### JINKS McGHEE v. JOSEPH ROMATKA.

Application No. 2014. Decided November 3, 1898.

**1. Court of Civil Appeals—Motion for Rehearing.**

A motion for rehearing in the Court of Civil Appeals filed more than fifteen days after judgment was rendered does not suspend the judgment or mandate (Revised Statutes, articles 1029, 1030); and while the court may grant the same by virtue of its control over its own judgments during the term, it has no power to do so at a subsequent term, as it has in case of motions filed in time. (Pp. 241, 242.)

**2. Same—Jurisdiction of Supreme Court.**

Where motion for rehearing was filed too late and was not acted on by the Court of Civil Appeals at that term, but was overruled at a subsequent term of the court, it was as though no motion for rehearing had been filed, and the Supreme Court had no jurisdiction to grant a writ of error. (P. 242.)

APPLICATION for writ of error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*Scarborough & Scarborough,* for plaintiff in error.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error. The judgment of the Court of Civil Appeals, which is sought to be revised, was rendered on the 20th day of March, 1898, and the motion for a rehearing was not filed until the 3d day of May next thereafter. No action was taken upon the motion at the term at which it was filed, nor did the court set aside its judgment of its own motion. The motion was, however, overruled during the present term of the Court of Civil Appeals.

Article 1029 of the Revised Statutes relates to the procedure in the courts of civil appeals, and provides that "if no writ of error be sued out or motion for rehearing be filed within thirty days after the conclusion or decision of the court has been entered in any court of civil appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment; and in any cause reversed by said courts the appellant shall be entitled to an execution against the appellee for costs occasioned by such appeal, including costs for the transcript, said costs to be taxed by the clerk of the said court." Article 1030 of the same title provides also that a motion for

a rehearing may be filed within fifteen days from the rendition of the judgment.

The Court of Civil Appeals has power over its judgments at any time during the term at which they are rendered, and may, without a motion from any party, reform or set them aside. Consequently they may con-. sider a motion for a rehearing filed after the time has elapsed which is allowed by law for the filing of such motions. But a motion for a rehearing filed after fifteen days from the rendition of the judgment does not suspend the judgment nor the issuance of the mandate. The judgment remains in full force and effect, and if the court adjourn for the term without setting it aside it becomes a finality, and the court loses control over it. It has no power to vacate it at a subsequent term, and any action in relation thereto is a nullity. The case therefore stands just as if no motion for a rehearing had been filed, and no action had been taken by the court after the judgment was rendered, until the present term.

· The rules require that a party desiring to apply to this court for a writ of error to a judgment of the Court of Civil Appeals shall file a motion for a rehearing in that court, and article 942 of the Revised Statutes provides, among other things, that the petition for the writ must be filed within thirty days from the overruling of the motion for a rehearing. This clearly implies that the motion must be filed within the time provided by law and must be acted on by the court. More than thirty days had elapsed from the rendition of the judgment in this case before the motion for a rehearing was filed. Since the judgment was not suspended by filing the motion, the application comes too late and we have no power to consider it. Had the motion been seasonably presented the case would have been different. It would have suspended the judgment, and unless the court had acted before the end of the term, it would have carried the matter over to this.

The application is dismissed for want of juridiction.

*Application dismissed.*