GAMMEL STATESMAN PUB. CO. et al. v. BEN C. JONES & CO.   (No. 9–2572.)

(Commission of Appeals of Texas, Section A. Dec. 11, 1918.)

1. APPEAL AND ERROR ☞1185 — SUPPLEMENTAL MOTION FOR REHEARING OF MOTION TO VACATE JUDGMENT—AUTHORITY TO ACT—"MOTION FOR REHEARING."

Court of Appeals was without authority to act on supplemental motion of appellant for rehearing of motion to vacate judgment of affirmance, in substance a "motion for rehearing," within Rev. St. 1911, arts. 1633, 1641, not filed within time for motions for rehearing, and not acted on at term at which original judgment was rendered; Supreme Court having denied writ of error.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Motion for Rehearing.]

2. APPEAL AND ERROR ☞1216—ENFORCING MANDATE — SUPERVISORY JURISDICTION — CONTROL OF COURT OF CIVIL APPEALS.

Supreme Court has jurisdiction to review action of Court of Civil Appeals in granting supplemental motion for rehearing of motion to vacate judgment of affirmance, made after Supreme Court had refused writ of error, thus affirming original judgment of affirmance of Court of Civil Appeals and trial court.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Ben C. Jones & Co. against the Gammel Statesman Publishing Company and others. From judgment for defendants, plaintiff appealed to the Court of Civil Appeals, which affirmed (141 S. W. 1048), and thereafter, on plaintiff's supplemental motion for rehearing of motion to vacate judgment, set aside its former judgment of affirmance and all other orders and decisions subsequent, and reversed and remanded the cause for new trial (156 S. W. 317), and defendants bring error. Motion to dismiss application for writ of error overruled, and order and judgment entered by Court of Civil Appeals setting aside and vacating its former judgment, and reversing and remanding for new trial, declared void and of no effect, on recommendation of the Commission of Appeals.

Gregory & Botts and Hart & Patterson, all of Austin, for plaintiffs in error.

R. H. Cousins and V. A. Fenner, both of Austin, for defendant in error.

STRONG, J. The judgment of the trial court in this cause was affirmed by the Court of Civil Appeals for the Third Supreme Judicial District on May 24, 1911. 141 S. W. 1048. On June 6, 1911, defendants in error filed their original motion for rehearing in said cause. The court adjourned without acting on this motion, but overruled same at its next term on December 6, 1911. On January 4, 1912, defendants in error filed their application for writ of error to the Supreme Court, and the same was denied on February 7, 1912. On February 24, 1912, defendants in error filed in the Supreme Court their motion for rehearing on the refusal of their application for writ of error, and said motion was overruled on February 28, 1912. On March 25, 1912, defendants in error filed in the Supreme Court an application for mandamus against the judges of the Court of Civil Appeals for the Third Supreme Judicial District to require the latter court to grant a rehearing and reopen the case, and this was refused on April 3, 1912. Defendants in error next filed in the Supreme Court an application for mandamus against the judge of the trial court, and same was refused. On May 28, 1912, defendants in error filed in the Court of Civil Appeals a motion styled "motion to vacate judgment." This motion was refused by the court on October 12, 1912. On October 23, 1912, defendants in error filed in the Court of Civil Appeals what they termed "motion for rehearing of motion to vacate judgment," and this was overruled on January 8, 1913. On January 15, 1913, defendants in error filed in the Court of Civil Appeals a motion designated "supplemental motion for rehearing of motion to vacate judgment." The Court of Civil Appeals on February 19, 1913, granted this motion, and entered judgment, setting aside its former judgment rendered May 24, 1911, affirming the judgment of the district court and all other orders and decisions made by it subsequent to that time, and reversed and remanded the cause for a new trial.

[1] Plaintiffs in error contend that the Court of Civil Appeals was without authority to grant the motion, because same was filed and acted upon at a subsequent term of the court to that at which its original judgment was rendered and after the Supreme Court had denied a writ of error in said cause. This is the only question presented for review.

We conclude, after a careful examination of the motion in connection with the record, that while not so designated, it is in substance a motion for rehearing within the meaning of that term as used in articles 1633 and 1641, Revised Statutes 1911. The Court of Civil Appeals so held in granting the motion. 156 S. W. 317.

The motion was not filed within the time allowed for the filing of motions for rehearing, and was not acted upon at the term of the court at which the original judgment was rendered. This being true, the court was without authority to take any action on the motion, and the judgment entered granting the motion and setting aside and vacating the original judgment rendered by said court in said cause and reversing and remanding the case to the trial court must, we think, be held to be void and of no effect. Articles 1633 and 1641, R. S. 1911. McGhee v. Romatka, 92 Tex. 241, 47 S. W. 520. The original judgment of affirmance stands just as if the motion had not been filed.

[2] It is contended that under the holding in the case of McGhee v. Romatka, supra, this court is without jurisdiction to review the action of the Court of Civil Appeals in granting the motion.

The motion in the case before us was filed and acted upon by the Court of Civil Appeals after the Supreme Court had refused a writ of error in said cause, and by such action affirmed the original judgment of the Court of Civil Appeals and that of the trial court. The judgment of the Court of Civil Appeals entered in granting the motion not only set aside and vacated its judgment rendered at a former term, but also in effect set aside and vacated the judgment of the Supreme Court in denying the writ of error in said cause. It is well settled that, when the jurisdiction of the Supreme Court attaches, the court has full control of the cause, and can make such orders concerning it as may be necessary to preserve the rights of the parties and enforce its mandates. Its jurisdiction continues until the case is fully determined by the court and its judgment is completely executed by the court below. For the purpose of enforcing its mandates, it may make any order, and, if necessary, may resort to the writ of mandamus or any other

appropriate writ known to our system of jurisprudence. Wells v. Littlefield, 62 Tex. 28. The action of the Supreme Court in refusing a writ of error in this cause was binding on the Court of Civil Appeals. The Court of Civil Appeals at the time the motion under review was filed and acted upon was without jurisdiction of the case and had no power to enter any order or judgment therein. To hold otherwise would be to deny to the Supreme Court its power as a court of last resort. The question of the power of the Supreme Court to enforce its own jurisdiction was not before the court in the case of McGhee v. Romatka, supra.

We are of opinion that the motion to dismiss the application for writ of error should be overruled, and that the order and judgment entered by the Court of Civil Appeals setting aside and vacating its former judgment and reversing and remanding the cause for a new trial should be held to be void and of no effect.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.