## MAY, 1920

J. TALBOT LAPRELLE ET AL. v. W. M. KEY, CHIEF JUSTICE, ET AL.

No. 3566.   Decided May 7, 1924.

(261 S. W., 366).

1.—Mandamus—Certified Question.

Though the opinion rendered on appeal conflicts with other rulings of appellate courts, the Court of Civil Appeals has no power to certify the question to the Supreme Court after the term of court at which its judgment was rendered and motion for rehearing and to certify was overruled had expired—its jurisdiction having thereby terminated; hence it cannot then be required by mandamus to certify it.  Noble v. Broad, 173 S. W., 643, followed. McCurdy v. Conner, 95 Texas, 246, distinguished.  (Pp. 3, 4).

2.—Same—Reasonable Time for Application.

Application for mandamus to require a case to be certified to the Supreme Court should be made in a reasonable time, though there is no statutory limitation to the period.  Delay in so applying from April, 1920, to March, 1921, is held unreasonable, though the appellate court had recognized the conflict as giving a right to review on writ of error and, relator electing meantime to so proceed, his application had been dismissed for want of jurisdiction.  (Pp. 4, 5)

.Original application by Laprelle to the Supreme Court for writ of mandamus to require the judges of the Court of Civil Appeals for the Third District to ·certify a question determined by them in LaPrelle v. Brown, 220 S. W., 151, on the ground of conflict in ruling.

The Supreme Court referred the application to the Commission of Appeals, Section A, for its opinion thereon and here adopt same as its own opinion in refusing the writ.

*Frank Oltorf,* for relator, cited: Rev. Stats., art. 1526: Act of March 15, 1917, ch. 75, sec. 1; McCurdy v. Conner, 66 S. W., 664;

1

Warren v. Willson, 192 S. W., 529; Coultress v. City of San Antonio, 179 S.W., 515.

*Bartlett & Carter,* for respondent, cited: Henningsmeyer v. Bank, 195 S. W., 1137; Noble v. Broad, 173 S. W., 643; Evans v. San Antonio Trac. Co., 166 S. W., 408; Vinson v. Carter, 166 S. W., 363; Chambers v. Hodges, 3 Texas, 517; Smith v. Alston, 40 Texas, 139; McGhee v. Romatka, 92 Texas, 241; Banks v. Blake, 171 S. W., 514; Southern Surety Co. v. Brown, 245 S. W., 90.

MR. JUSTICE CHAPMAN delivered the opinion of the Commission of Appeals, Section A.

Relators asked for a mandamus against those of respondents who are members of the Court of Civil Appeals of the Third Supreme Judicial District of Texas requiring said respondents to certify to this court certain questions of law held by said respondents in the case of LaPrelle et al., v. Brown, decided by said respondents February 25, 1920, reported in 220 S. W. at page 151. It being alleged in the application that the decision of respondents in said case is in conflict with the opinions of other courts of Civil Appeals of this State on the same questions of law. At the outset we are confronted with the question as to whether the application for the writ was filed in this court in due time.

On February 25, 1920, as stated, the Court of Civil Appeals affirmed the judgment of the District Court in the case mentioned and in their opinion admitted that said opinion was in conflict with the opinions of other courts of civil appeals of this State on the same questions of law. Within the time required by law relators filed a motion for rehearing in the Court of Civil Appeals and prayed that if the Court of Civil Appeals held the motion for rehearing not well taken they certify the questions of law involved to the Supreme Court. The motion for rehearing and to certify was overruled by the Court of Civil Appeals, April 3, 1920, and in passing on said motion said court used the following language:

"The appellant may, if he sees proper, obtain a writ of error herein and have the issue here involved definitely settled by the Supreme Court"

Within the time prescribed by law relators filed their application for writ of error in the Supreme Court and which writ was by said court dismissed December 22, 1920, for want of jurisdiction. On January 6, 1921, relators again filed in the Court of Civil Appeals a motion for rehearing and to certify, which last motion was by said Court overruled on February 22, 1921. On March 16, 1921, relators filed in this court their motion for mandamus.

Relators claim that the motion in this court was filed within a

reasonable time and base their contention on the holding of the Supreme Court in the case of McCurdy & Daniels v. Conner 95 Texas, 246, 66 S. W., 664, and which is in the following language:

"It is also urged in argument on behalf of defendent Yoacham that the petition for the writ of mandamus comes too late. But there is no statute which prescribes in express terms any limitation as to .the time in which a writ in such case may be sued out. However, we are of opinion that, of necessity, there must be some limitation as to the time in which the writ should issue. It should be sued out in a reasonable time, and also before the mandate from the Court of Civil Appeals has issued, or while it is within the power of that court to recall the mandate in case it has been sent down. We are not prepared to hold that the writ in this case was not applied for in a reasonable time; and if, for any reason, the Court of Civil Appeals has lost control of the mandate, the fact is not alleged in the answer.

Our conclusion is that the writ as prayed for should be awarded."

Attorneys for respondents contend that the Court of Civil Appeals was without jurisdiction to grant relators the relief prayed for in their motion filed in said court after the application for writ of error had been denied by the Supreme Court, for the reason, that the term of the Court of Civil Appeals in which relators motion for a new trial had been overruled had expired.

In the case of Jinks McGhee v. Joseph Romatka, 92 Texas, 241, 47 S. W., 520, there was an application for a writ of error, the judgment of the Court of Civil Appeals which was sought to.be revised was rendered on the 20th day of March, 1898, and the motion for a rehearing was not filed until the 3rd day of May next thereafter: No action was taken upon the motion at the term at which it was filed, nor did the Court set aside its judgment of its own motion. The motion was, however, overruled during the next term of the Court of Civil Appeals, and Chief Justice Gaines, in discussing this case, used the following language:

"The Court of Civil Appeals has power over its judgments at any time during the term at which they are rendered, and may, without a motion from any party, reform or set them aside. Consequently they may consider a motion for a rehearing filed after the time has elapsed which is allowed by law for the filing of such motions. But a motion for a rehearing filed after fifteen days from the rendition of the judgment does not suspend the judgment nor the issuance of the mandate. The judgment remains in full force and effect, and if the court adjourn for the term without setting it aside it becomes a finality, and the court loses control over it. It has no power to vacate it at a subsequent term, and any action in relation thereto is a nullity."

In the case of Noble et al. v. Broad, 173 S. W., page 643, the Court of Civil Appeals of the Third District on April 15, 1914, reversed and rendered the case with instructions, in which, however, Justice Jenkins dissented. Thereafter a motion for rehearing was duly made and filed which was overruled on the 13th of May, 1914, from which appellee sued out a writ of error to the Supreme Court which was, on the 18th of November, 1914, dismissed by that court for want of jurisdiction. Thereafter, on the 31st of December, 1914, appellee filed his motion to certify the questions there involved to the Supreme Court, and in discussing this case, Justice Rice said: "The case having been finally disposed of in this court by overruling the motion for rehearing, and the term at which this was done having expired, we no longer have jurisdiction over it, for which reason it becomes our duty (notwithstanding the fact that there was a dissenting opinion, which ordinarily would entitle the party to the certificate) to overrule said motion."

It will be observed that this case is directly in point on the question that we have under consideration and is the only case cited that is decisive of the identical question.

The original case out of which McCurdy v. Conner grew was Yoakum v. McCurdy, et al., 27 Texas Civ. App., 183, 65 S. W., 213. It was decided October 19, 1901; rehearing on motion to certify overruled November 30, of the same year. The opinion of the Supreme Court on the petition for mandamus was rendered February 17, 1902, therefore the court in that case did not have under consideration the question as to whether the Court of Civil Appeals had jurisdiction to certify to the Supreme Court during a term subsequent to the term at which the motion for rehearing and to certify had been overruled. Therefore, on that point the McCurdy case is not in conflict with the case of Noble et al., v. Broad, and we are therefore inclined to follow the rule stated in the last named case.

But we are not prepared to say that the application for writ of mandamus was filed within a reasonable time. The motion in the Court of Civil Appeals for rehearing and to certify was overruled April 3, 1920, and the application for mandamus was filed in this Court, March 16, 1921. If it were not for the fact that relators made application for the writ of error it would not be contended that the time between the two dates mentioned was a reasonable time. The relators took the risk on themselves in pursuing the course that they did in applying for the writ of error, and it was for them to determine the proper course to pursue after motion in the Court of Civil Appeals was overruled, notwithstanding the remark of that court, and having elected to pursue the wrong course, and after having been denied relief under it, they ought not now, nearly a year

after their motion was overruled, be permitted to seek relief under the other course.

One of the chief objects of the law is to bring litigation to an end, but to hold that the time above mentioned was a reasonable time under the circumstances would have the effect to encourage the prolonging of litigation, to too great an extent.

We recommend that the writ of mandamus be denied.

Judgment was entered by the Supreme Court in accordance with the recommendation of the Commission.