1042

## DILLINGHAM v. ROBERTS ICE CO., Inc.

### No. 13353.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 5, 1937.

See, also (Tex.Civ.App.) 94 S.W.(2d) 586.

Levy & Evans and Robert Sansom, all of Fort Worth, for appellant.

Slay & Simon, of Fort Worth, for appellee.

BROWN, Justice.

On April 17, 1936, the appeal in this cause was by us dismissed, and on May 29, 1936, the appellant's motion for a rehearing was by us overruled.

In due season the appellant filed an application for a writ of error in the Supreme Court, which was by the Supreme Court dismissed for want of jurisdiction on July 15, 1936. And on October 3, 1936, the appellant filed the motion to certify this cause to the Supreme Court.

It will be observed that the term of this court ended at midnight October 4, 1936. The motion to certify having been filed on Saturday, October 3, 1936, could not, under the rules, have been presented to us within the term of court at which it was filed, and could not therefore have been passed upon by us within such term, unless by agreement of the parties, with consent of the court, such motion had been presented immediately upon the filing of same and considered by us before our term ended. Needless to say the court had no notice of the filing of such motion during the last hours of its then term and knew nothing about the existence of such motion until same was set for submission, long after the expiration of the term of court, which began on the first Monday in October, 1935, and ended at midnight on October 4, 1936.

We have given much thought to the motion before us and are frank to say that we would like to certify this cause because of the circumstances surrounding it if we had jurisdiction to do so. But we are thoroughly convinced that we have no jurisdiction to grant the motion before us. See Laprelle v. Key, 114 Tex. 1, 261 S.W. 366, by the Commission of Appeals; McGhee v. Romatka, 92 Tex. 241, 47 S.W. 520, Supreme Court.

Believing that we are without jurisdiction to certify this cause to the Supreme Court, appellant's motion to certify is by us overruled.