

# THE ATTORNEY GENERAL OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 13, 1963

Hon. Ronald D. Stephens
County Attorney
Young County
Graham, Texas

Opinion No. C- 77

Re: Highways over which the authority of the Commissioners Court extends under the terms of Article 827a, Sec. 2, V.P.C.

Dear Mr. Stephens:

You have requested our opinion on the following matter:

> "Under the terms of Article 827a, Section 2, Penal Code of Texas, over what roads would the authority of the Commissioners extend?
>
> "In other words, since the authority covers highways of the County other than State Highways, what are these highways of the County that exist other than State Highways? Would this include all county maintained public roads?" (Emphasis yours)

Section 2 of Article 827a, Vernon's Penal Code, prohibits the movement of overweight or oversize vehicles on "any highway" state or county:

> "...; provided, however, that the Commissioners Courts through the County Judges of the several counties of this State shall have and are hereby granted authority to grant permits limited to periods of ninety (90) days or less for the transportation over highways of their respective counties other than State Highways, overweight or oversize or overlength commodities as cannot be reasonably dismantled, or for the operation over such highways of superheavy or oversize equipment for the transportation of such oversize or overweight or overlength commodities as cannot be reasonably dismantled, and the said County Judges shall have and are hereby granted said authority independently of said Commissioners Courts until such time as said Courts shall have acted with respect thereto. Said Commissioners Courts, in their discretion,

> may require a bond to be executed by an applicant in such amount as will guarantee the payment of any damages which any road or bridge traversed or crossed may sustain in consequence of the transportation aforesaid." (Emphasis ours).

Under Article 11, Sections 1 and 2, and Article 16, Section 24 of the Constitution, public roads and highways belong to the State. Counties can exercise such authority over roads as is expressly granted or delegated to them by the Legislature. Robbins v. Limestone County, 114 Tex. 345, 268 S. W. 915 (1925); Gulf Bitulithic Company v. Nueces County, 297 S.W. 747 (Tex.Civ.App. 1927, reversed on other grounds, 11 S.W.2d 305, Comm.App. 1928).

The term "county roads" means a public way for normal means of travel within a county under county supervision and control and such road may or may not be paved. Burke v. Thomas, 285 S.W.2d 315 (Tex.Civ.App. 1956, error ref.n.r.e.).

The State exercises its primary jurisdiction over roads and highways through the State Highway Commission, Article 6663, et seq., Vernon's Civil Statutes, and the State Highway Commission has the right "to take over and maintain" roads which then become State highways freeing the counties from any "cost, expense or supervision", Article 6673, Vernon's Civil Statutes.

It is the purpose of Article 827a of the Penal Code to regulate the operation of all vehicles on all roads whether state or county. Article 827a, Section 3 provides for weight and size of all vehicles, and movement of vehicles in excess of the dimensions prescribed is prohibited, except under a special permit, issued by counties under Section 2 of Article 827a, Penal Code, or by the State under Article 6701a, Vernon's Civil Statutes. Article 6701a covers the movement of such vehicles on roads which are a part of the State highway system under State Highway Commission jurisdiction. Section 2 of Article 827a, Penal Code, covers all other roads under county jurisdiction.

In addition to the designated so-called State Highways, the State Highway Commission is authorized to designate certain additional roads as Farm-to-Market and Ranch-to-Market roads and these become a part of the State Highway system, as much as the so-called State Highways. Counties have no responsibility with reference to them. Article 6673, Vernon's Civil Statutes.

In controlling the movement of overweight and oversize equipment the Act gives the State Highway Commission control of traffic "over or upon any State Highway or any road that has been classified by the Highway Commission and shown by the records of the Commission as a Farm-to-Market or Ranch-to-Market road under the jurisdiction of the State Highway Commission." Article 827a, Section 5½, Vernon's Penal Code. This same section further provides:

> "The Commissioners Court of any county shall have the same power and authority ... over or upon any county road, bridge or culvert that is given by this Act to the State Highway Commission with respect to State highways and State Farm-to-Market and Ranch-to-Market roads."

Thus it is clear that in order to move any overweight or oversize vehicle over any road or highway in this State, it is necessary to obtain the special permit provided in Article 6701a, Vernon's Civil Statutes, from the State Highway Department for such movements upon a State highway or a Farm-to-Market or Ranch-to-Market road so designated by the State Highway Commission, and if such traffic moves within a county upon other public ways for normal means of travel under county supervision and control then it is necessary to obtain also the special permit provided in Article 827a, Section 2, from the county.

This is not interpreted to mean that there is any concurrent or conflicting permit jurisdiction of the State and county over such roads. The State through the State Highway Commission has exclusive jurisdiction to issue special permits upon State highways, Farm-to-Market and Ranch-to-Market roads, so designated by the State Highway Commission. The County Commissioners Courts have exclusive jurisdiction to issue special permits upon all other roads within the county not so designated. This jurisdiction is granted by the express terms of Article 827a, Section 5½.

It would appear there is no question of a conflict as far as the State Highway Commission is concerned since its published "Policy on Permits" provides, p. 35: "We are not authorized to show on any permit a route over which we do not have jurisdiction such as a county road."

If the Commissioners Court of any county has failed to act as provided in 827a, Section 5½, then Section 2 provides

the County Judge shall exercise the power granted in Section 5½ "until such time as said Courts shall have acted with respect thereto."

SUMMARY

The authority of the County Commissioners Courts or County Judges to issue special permits for overweight and oversized vehicles is limited to roads within the county which have not been marked or designated by the State Highway Commission as either State Highways, State Farm-to-Market roads, State Ranch-to-Market roads, or other State Highway designation.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Samuel Strong Pharr
SAMUEL STRONG PHARR
Assistant Attorney General

SSP:nss

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
Howard Fender
Edward Moffett
James M. Strock

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone