The WESTERN CASUALTY AND
SURETY COMPANY, Appellant,

v.

J.R. PREIS, D/B/A Coastal Bend
Sales, Appellee.

No. 13–84–188–CV.

Court of Appeals of Texas,
Corpus Christi.

April 24, 1986.

Rehearing Denied May 15, 1986.

Shirley Selz, Gary Norton, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellant.

Charles Cunningham, Corpus Christi, for appellee.

Before BISSETT,[1] UTTER and KENNEDY, JJ.

## OPINION ON MOTION OF APPELLANT TO CLARIFY JUDGMENT

BISSETT, Justice (Assigned).

The Western Casualty and Surety Company, appellant, has filed a "Motion to Clarify Judgment" in this Court. It contends that the judgment of this Court, which is now final, is subject to more than one interpretation and must be clarified to permit calculation of the correct amount of money due thereunder. We do not agree.

■ We do not have the authority or power at this time to change our judgment previously entered in this case; the Supreme Court has approved our judgment by denying applications for writ of error. *See Gammel Statesman Publishing Co. v. Ben C. Jones & Co.,* 206 S.W. 931 (Tex. Comm'n.App.1918, judgment adopted); *Humble Exploration Co. v. Browning,* 690 S.W.2d 321, 324 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). However, we do have jurisdiction of the motion to clarify such judgment. *See Merchandise Mart, Inc. v. Marcus,* 515 S.W.2d 663 (Tex.1975); *Merchandise Mart, Inc. v. Marcus,* 518 S.W.2d 555 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Merchandise Mart, Inc. v. Marcus,* 501 S.W.2d 712 (Tex.Civ.App.—Tyler 1973, rev. in 515 S.W.2d 663).

■ Appellant interprets the judgment of this Court to reduce *all* amounts due on the date of rendition to a definite liquidated sum, with post-judgment interest to be calculated on such sum. It contends that the precise monetary amount of the judgment is $124,548.05. It requests that the judgment of this Court, previously filed and entered, be modified by adding the following sentence after the last sentence in the second paragraph of the judgment, to-wit:

J.R. Preis d/b/a Coastal Bend Sales shall have and recover from Western Casualty and Surety Company and the Western Fire Insurance Company the total sum of $124,548.05, together with interest at the rate of 9% per annum from February 24, 1984, until paid.

Excluding those portions of the trial court's judgment which severed the tort action from the contractual action and which awarded attorney's fees to appellee, that judgment recited and decreed:

---

**1.** Associate Justice, Court of Appeals, Thirteenth Supreme Judicial District (Ret.), sitting by designation. *See,* Art. 1812, as amended.

It is therefore ORDERED, ADJUDGED and DECREED the the Plaintiff J.R. Preis, d/b/a Coastal Bend Sales, do have and recover of the Defendant The Western Casualty and Surety Company in this severed contractual cause of action the sum of One Hundred Twenty-Four Thousand Five Hundred Forty-Eight Dollars and Five Cents ($124,548.05) with post-judgment interest thereon at the rate of ten percent (10%) per annum until paid, together with one-half (½) of all costs expended in Cause No. 80–45–B before this cause was severed therefrom and all costs which accrue in this cause subsequent to the date this severance order is signed in this Court and that Plaintiff have his execution.[2]

\* \* \* \* \* \*

Further, the Court finds that the judgment rendered in this contractual cause in the amount of $124,548.05 (exclusive of attorney's fees) was the amount of accumulated interest on the unpaid judgment in the Perez cause styled "Sylvia Perez, etc. v. Dover Corporation, et al," Cause No. 75–3640–D, plus the unpaid portion of the policy limits on the said insurance contract through February 24, 1984 (the date of this judgment) and that if the full amount of $124,548.05 is not paid by the Defendant on the date this judgment is signed (February 24, 1984), the $250,118.33, the basis on which the judgment amount of $124,548.05 was calculated on such date, shall continue to accrue interest at the rate rate (sic) of nine percent (9%) per annum beginning the day after this judgment is signed (February 25, 1984) in the amount of $61.6730 per day; such post-judgment interest shall continue to accrue until all the accumulated post-judgment interest based on $250,118.33 plus the $124,548.05 for which judgment has herein been rendered for the Plaintiff has been paid.

It is therefore ORDERED, AD-JUDGED and DECREED that, in addition to the basic judgment in the amount of $124,548.05 awarded to the Plaintiff in this judgment and the judgment for attorneys' fees awarded in conjunction therewith as set out above, the Plaintiff is awarded post-judgment interest against the Defendant on $250,118.33 at the rate of nine percent (9%0) per annum or $61.6730 per day after February 24, 1984 until the amount of $124,548.05 plus all accumulated post-judgment interest which accrued on the said $250,118.33 has been fully paid.

Appellant duly and timely perfected an appeal of the trial court's judgment to this Court. The opinion in the case was delivered and filed on May 30, 1985. See *The Western Casualty and Surety Company v. J.R. Preis, d/b/a Coastal Bend Sales*, 695 S.W.2d 579 (Tex.App.—Corpus Christi 1985). Both parties to the appeal filed applications for writ of error. Both applications were refused on November 27, 1985 with the notation "no reversible error." Appellant's motion for rehearing on its application was overruled by the Supreme Court on January 22, 1986. The mandate was issued by this Court on February 11, 1986.

This Court's judgment in this case was filed and entered in the Minutes of this Court on May 30, 1985. It reads, in pertinent part, as follows:

THIS CAUSE was submitted to the Court on January 24, 1985, on the record, briefs and oral argument. These having been examined and fully considered, it is the opinion of the Court that the judgment of the trial court should be REFORMED to delete the award of attorney's fees. The judgment is also REFORMED to allow post-judgment interest at the rate of 9 percent. In all other respects, the judgment of the trial court

2. In our original opinion, we quoted only that portion of the trial court's judgment which awarded appellee a recovery of $124,548.05, plus post-judgment interest thereon. We did not quote that portion which decreed that appellee, in addition to the recovery of $124,548.05,

would also recover interest on $250,118.33 at the rate of 9% per annum until the judgment amount of $124,548.05 has been paid; perhaps our failure to quote that portion of the judgment contributed to appellant's misunderstanding in the matter.

is AFFIRMED against appellants, THE WESTERN CASUALTY AND SURETY COMPANY, and The Western Fire Insurance Company, as surety on the supersedeas bond.

\* \* \* \* \* \*

As already stated, the trial court, in its final judgment, first decreed that appellee J.R. Preis recover of appellant The Western Casualty Company the sum of $124,-548.05, with post-judgment interest thereon at the rate of 10% per annum until paid. We affirmed the judgment award of $124,-548.05, but reformed the judgment concerning post-judgment interest by reducing such interest to 9% per annum until paid.

Next, the trial court, in its final judgment, decreed that appellee recover of appellant certain sums of money as attorney's fees. We reformed the judgment by deleting therefrom the award of attorney's fees.

Next, the trial court, in its final judgment, decreed that appellee recover of appellant, "In addition to the basic judgment of $124,548.05 awarded to the plaintiff in this judgment ... the plaintiff is awarded post-judgment interest against the defendant on $250,118.33 at the rate of nine percent (9%) per annum ... until the amount of $124,548.05 plus all accumulated interest which accrued on the said $250,118.33 has been fully paid."

The bases for the judgment award of $124,548.05 and the judgment award of 9% interest on the judgment balance of $250,-118.33 (owed by J.R. Preis as a result of the recovery by Sylvia Perez in "Sylvia Perez, etc. v. Dover Corporation, et al") are set out and fully discussed in the findings of fact made by the trial judge, which are incorporated in our published opinion at pages 583–585. Such findings are clear and unequivocal. In addition to such findings of fact, the trial judge made certain conclusions of law, which were *not* set out in our opinion. Those that bear on the matter at hand read:

1. The Supplementary Payments provision contained in Policy CGA 787757 sold by the Defendant to the Plaintiff required the insurance company to pay all the interest accruing upon the entire amount of the $300,000.00 judgment awarded the Plaintiffs against him in Cause No. 75–3640–D, styled "Sylvia Perez, etc. v. Dover Corporation, et al," until all the accrued interest on the $300,-000.00 judgment plus the policy limits of the $100,000.00 policy was paid on behalf of its insured, J.R. Preis.

2. The post-judgment interest on the amount of $250,118.33 (which was the amount of the accumulated interest on the $300,000.00 judgment plus the unpaid portion of the $100,000.00 policy limits on the date the judgment was signed in this cause) shall continue to accrue interest at the rate of nine percent (9%) per annum which amounts to $61.6730 per day after this judgment was signed on February 24, 1984 until paid.

3. The accrual of interest does not terminate upon a tender of the principal amount of the policy exclusive of interest and costs.

\* \* \* \* \* \*

8. Payments made by the Defendant insurer toward the portion of the Perez judgment ($300,000.00) which was the responsibility of its insured, J.R. Preis, are required to be credited first toward accumulated post-judgment interest on the entire amount of the $300,000.00 judgment and next toward the payment of the insurer's policy limits.

In our original opinion, we stated in the opening paragraph:

... Judgment was rendered that appellee (plaintiff in the trial court) recover from appellant (defendant in the trial court) the sum of $124,548.05 ...

We did not, in the opening paragraph, refer to the additional recovery of interest at the rate of 9% per annum on $250,118.33 until the judgment award of $124,548.05, including post-judgment interest thereon, has been paid. Appellant, in his motion now before this Court, says that the above-quoted portion of our opinion "shows that this Court did not view the judgment as awarding more than the liquidated sum of $124,-

548.05 plus post-judgment interest on such amount." Appellant is incorrect in that contention. The preliminary statement in our opinion concerning the judgment rendered by the trial court does not include all of the awards made by such judgment. It referred only to the judgment award of $124,548.05. A reading of our opinion in its entirety, together with our judgment, clearly shows that we intended to affirm the judgment of the trial court with respect to the award of $124,548.05, *and* the award of interest on $250,118.33, as set out in the trial court's judgment. The judgment of this Court simply affirmed the judgment of the trial court concerning those awards. Our Supreme Court has approved our judgment. All that appellant has to do at this time is to pay the several amounts of money required to be paid by the trial court's judgment. The total amount of money to be paid thereunder can be calculated precisely on any date that appellant desires to pay such amounts of money. We also said in our opinion:

> ... We find that the trial court was correct in holding that appellant's obligation for interest continued beyond the satisfaction of the 'Perez' judgment....

That statement, standing alone, was sufficient to inform appellant that we intended to affirm the judgment of the trial court as to the award of interest on $250,118.33, the balance due on the "Perez" judgment on the date the trial court's judgment was signed. The award of such interest cannot be questioned or re-litigated at this time.

We do not understand why appellant contends that under the judgment of this Court that appellee is entitled to recover only $124,548.05, plus post-judgment interest thereon at the rate of 9% per annum until paid. Such a contention completely ignores the remaining portion of the judgment of the trial court, above-quoted, which *also* plainly decreed that appellee recover of appellant interest at the rate of 9% per annum on $250,118.33 after February 24, 1984 until the judgment amount of $124,548.05 and interest thereon has been paid.

The judgments of the trial court and of this Court are clear. They are not vague, uncertain, ambiguous, or subject to more than one interpretation, as now argued by appellant. We note that appellant, on March 14, 1984, apparently understood that the trial court's judgment provided for a recovery of interest at the rate of 9% per annum on $250,118.33, because on that day it and its surety signed a supersedeas bond, which, among other provisions, stated that they acknowledge themselves "bound to pay to J.R. Preis, d/b/a Coastal Bend Sales, plaintiff and appellee, the sum of One Hundred Eighty-One Thousand, Forty-Eight, and 05/100 Dollars ($181,048.05) plus interest thereon at the rate of 10% per annum from February 24, 1984, *plus additional interest on $250,118.33 at the rate of 9% per annum from February 24, 1984, until paid* ... (emphasis added)." Now, appellant takes the position that our judgment relieved it of any payment relating to that portion which awarded interest on the $250,118.33 item at the rate of 9% per annum until the sum of $124,548.05 and interest thereon has been paid. Appellant completely overlooks the fact that this Court also affirmed that portion of the judgment which provided for a recovery of interest on the $250,118.33 item, as specified in the trial court's judgment.

The judgment of this Court does not need clarification. However, since appellant says that it cannot determine the correct amount of money due thereunder, we hereby reiterate that under the judgment of this Court, appellant is required to pay to appellee: 1) $124,548.05 plus interest thereon at the rate of 9% per annum from February 24, 1984 until the said $124,-548.05 has been paid; 2) interest on $250,-118.43 at the rate of 9% per annum from February 24, 1984 until the amount of $124,548.05, plus postjudgment interest thereon has been paid; and 3) all court costs.

The motion in this case, and now before this Court, is distinguishable from the motion before the Tyler Court of Civil Appeals in the Merchandise Mart, Inc. v. Marcus

litigation. The citations of the several cases pertaining to that litigation have already been set out herein. There, the judgment of the Court of Civil Appeals was held to be interlocutory because it did not dispose of all the necessary issues raised in the appeal and was still pending in the Court of Civil Appeals. In the instant case, the trial court, in its judgment, disposed of all the necessary issues, and this Court, in its judgment, disposed of all the issues raised by appellant in its appeal.

We refuse to modify our judgment in this case by adding the requested sentence after the last sentence in the second paragraph of the judgment. We refuse to recall our mandate in this case. We also refuse to impose any penalty at this time against appellant under Rule 438, Texas Rules of Civil Procedure, as requested by appellee in his response to appellant's motion.

The awards by the judgment of the trial court insofar as it awarded plaintiff (appellee) a recovery of $124,548.05 and post-judgment interest thereon, and further awarded interest on $250,118.33 from February 24, 1984, were attacked by appellant in the appeal in ten (10) points of error. They were discussed and expressly overruled by this Court. See pages 585-587 of our published opinion. Further discussion of the alleged errors by the trial court is foreclosed.

It is time for appellant to pay appellee the several amounts of money ordered to be paid by the judgment of the trial court, which judgment, as reformed, was affirmed by this Court. The award of $124,-548.05 is definite. However, since the amount of interest on $124,548.05 and on $250,118.33 increases with each day that passes, the exact amount of interest required to be paid under both the judgment of the trial court and the judgment of this Court cannot be determined until the day that the $124,548.05, plus interest thereon, is actually paid by appellant.

The Motion to Clarify Judgment is overruled.