Cletys C. SADLER, et ux., Jeannette Williams Sadler and Philip M. Sadler, et ux., Jacquelyn Sadler, Appellants,

v.

Suzanne Mann DUVALL, Appellee.

No. 6–90–075–CV.

Court of Appeals of Texas, Texarkana.

April 14, 1992.

Gregory D. Smith, Ramey, Flock, Jeffus, Crawford, Harper, Tyler, Earl Roberts, Jr., Roberts, Hill & Calk, Longview, for appellants.

H. Wayne Meachum, Dallas, John W. Alexander, Winnsboro, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION ON MOTION OF APPELLANTS TO CLARIFY THE COURT'S JUDGMENT

GRANT, Justice.

Suzanne Mann Duvall filed a motion for reconsideration after we overruled the motion to clarify on the grounds that we lacked jurisdiction. In her motion, Duvall cited *Western Casualty and Surety Co. v. Preis,* 710 S.W.2d 719 (Tex.App.–Corpus Christi 1986, writ ref'd n.r.e.). In *Preis,* the court held that it had no authority or power to change a previously entered judgment when the Supreme Court had approved the judgment by denying application for writ of error, but the court went on to hold that it did have jurisdiction of a motion to clarify the judgment. Therefore, we withdraw and set aside our ruling that we do not have jurisdiction to consider a motion to clarify.

The matter in controversy is a payment to Duvall of $21,794.10, which was credited to Sadler. This figure was discussed in our judgment concerning when it should be applied against prejudgment interest. (We ruled that all payments made should be applied as of the time that they were made.) Nowhere in any point of error was it argued that this credit should not be allowed. In plain, unambiguous terms, this judgment for payment made was allowed in the trial court's judgment. The only discussion of this figure in our opinion related to *when* it should be credited, not *whether* it should be credited. We specifically state in the opinion that it, along with other credits, should be credited on the date they were actually made. The judgment mentions only the portion of the trial court's ruling that is reformed, and then adds, "The remainder of the judgment is hereby AFFIRMED." 815 S.W.2d 285. This Court in no way purports to reform, eliminate, remove, overrule, or in any way affect the $21,794.10 credit that was allowed by the trial court. A reading of our opinion in its entirety, together with the judgment of the trial court, our judgment, and the mandate clearly shows that this specific amount of credit was not challenged on appeal and, therefore, could not be and was not acted upon by this court.

We believe that this is clear from the record, and the motion to clarify the judgment is overruled.