CASTLE TEXAS PRODUCTION LIM-ITED PARTNERSHIP, et al, Appellants/Cross–Appellees,

v.

THE LONG TRUSTS, Appellees/Cross–Appellants.

No. 12–01–00192–CV.

Court of Appeals of Texas, Tyler.

March 3, 2005.

Drew R. Heard, Robert B. Gilbreath, Jenkens & Gilchrist, Dallas, for appellants/cross-appellees.

F. Franklin Honea, Law Office of F. Franklin Honea, Dallas, Ron Adkison, Wellborn, Houston, Adkison, Mann, Sadler & Hill, L.L.P., Henderson, Mike Hatchell, Hatchell PC, Tyler, for appellees/cross-appellants.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and BASS, Retired Justice, Twelfth Court of Appeals, TYLER, sitting by assignment.

*ORDER DENYING APPEL-LEES/CROSS–APPELLANTS' MO-TION FOR CLARIFICATION OF MANDATE*

BILL BASS, Justice.

The Long Trusts have filed a Motion for Clarification of Mandate and/or Judgment

asking whether a motion for reconsolidation, a motion to abate, or other procedural motions may be considered by the trial court upon the remand of Castle's counterclaim.

By opinion dated July 21, 2003, this court reversed that part of the trial court's judgment awarding the Long Trusts recovery against Castle[1] and remanded the Long Trusts' breach of contract claims to the trial court for retrial of both the liability and damage issues. We affirmed the judgment for Castle subject to remittiturs, which Castle submitted. We held, however, that the trial court had not awarded Castle on its counterclaim the amount of prejudgment interest provided by the operating agreement. Therefore, we severed Castle's counterclaim against the Long Trusts and ordered the trial court to recalculate prejudgment interest at twelve percent as specified in the joint operating agreement. The Texas Supreme Court denied the Long Trusts' petition for review. *See Castle Texas Prod. Ltd. P'ship v. Long Trusts*, 134 S.W.3d 267, 288–89 (Tex.App.-Tyler 2003, pet. denied). On June 9, 2004, this court issued its mandate.

In its motion for clarification, the Long Trusts maintain that the claims asserted by Castle against the Long Trusts and the claims brought by the Long Trusts against Castle are "inter-dependent claims," and that in the event the Long Trusts recover in the retrial of their claims against Castle, the severance of the cases will "deprive Long Trusts of the benefits of [Texas Rules of Civil Procedure] 97(c), 301, and 302, as well as their common law rights of recoupment and setoff." The Long Trusts insist that despite the severance of the claims by this court, the trial court should have the discretion to reconsolidate the claims or take some other procedural action that would allow a single judgment to be entered disposing of the claims of both parties. The Long Trusts argue that they are entitled to have any recovery they may realize upon the retrial of their claims set off against Castle's judgment on its counterclaim. Therefore, the Long Trusts seek to "delay entry of a judgment in favor of Castle until after the Long Trusts claims have been decided."

Castle contends that the Long Trusts failed to complain of this court's severance of the cases and have waived any claim to offset Castle's recovery. Castle maintains that the Long Trusts' motion for clarification is, in effect, a motion to amend the judgment, and that since this court's plenary power has expired, we have no power to grant the relief the Long Trusts seek. Moreover, Castle insists that both the mandate and judgment are clear and unambiguous; therefore, no clarification is required.

Texas Rule of Appellate Procedure 18.1 requires the clerk of the appellate court to issue a mandate "in accordance with the judgment." The mandate issued in this case strictly conforms to the judgment.

■ The plenary power of this court in this case has expired. *See* Tex.R.App. P. 19.1. After the expiration of its plenary power, an appellate court cannot vacate or modify its judgment. Tex.R.App. P. 19.3. After its plenary power expires, an appellate court may only

(a) correct a clerical error in its judgment or opinion;

(b) issue and recall its mandate as these rules provide;

---

1. The Castle entities, Castle Texas Production Limited Partnership, Castle Texas Pipeline Limited Partnership, CEC Gas Marketing Limited Partnership, and Castle Energy Corporation, will be hereinafter referred to as "Castle."

(c) enforce or suspend enforcement of its judgment as these rules or applicable law provide;

(d) order or modify the amount and type of security required to suspend a judgment, and decide the sufficiency of the sureties, under Rule 24; and

(e) order its opinion published in accordance with Rule 47.

TEX.R.APP. P. 19.3.

■ The Texas Supreme Court has denied petitions for review filed by both parties and has denied the Long Trusts' motion for rehearing. An intermediate appellate court has no power to change its judgment after the supreme court has approved it by denying review. *Gammel Statesman Publ'g Co. v. Ben C. Jones & Co.,* 206 S.W. 931 (Tex. Comm'n App.1918, holding approved); *Humble Exploration Co. v. Browning,* 690 S.W.2d 321, 324 (Tex.App.-Dallas 1985, writ ref'd n.r.e.). However, we do have jurisdiction of the motion to clarify the judgment. *See Sadler v. Duvall,* 828 S.W.2d 339, 340 (Tex. App.-Texarkana 1992 (op. denying clarification)); *Western Cas. and Sur. Co. v. Preis,* 710 S.W.2d 719, 720 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.).

This court's judgment affirmed Castle's recovery against the Long Trusts in accordance with the remittiturs filed by Castle, but remanded the severed counterclaim of Castle to the trial court solely for the recalculation of prejudgment interest, a relatively simple task. The Long Trusts' recovery against Castle was reversed and the cause remanded to the trial court for retrial of the Long Trusts' breach of contract claims. The recalculation of the prejudgment interest can be quickly accomplished. The retrial of the Long Trusts' claims and the resolution of probable appeals obviously will require a protracted process.

■ Our judgment ordering severance did not contemplate nor does the mandate ordering its execution permit the trial court to reconsolidate the cases or to contrive a procedure to delay the redetermination of prejudgment interest due Castle and its recovery on the judgment until the resolution of the Long Trusts' claims against Castle. Castle's recovery on its judgment, which was affirmed, cannot be made to await the outcome of the retrial of the Long Trusts' claims against Castle.

Texas Rule of Appellate Procedure 51.1(b) requires the enforcement of the appellate court's judgment when the clerk receives the mandate. The rule clearly contemplates that this be promptly accomplished. In order to comply with our mandate, the district court of Rusk County should assign Castle's counterclaim a separate cause number and proceed promptly with the recalculation of prejudgment interest and the entry of judgment thereon.

The Long Trusts' motion for clarification is *overruled.*