

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00082-CV

ROBERT WESTERBURG, ADMINISTRATOR OF THE ESTATE
OF R.D. WEST A/K/A RANDY DIXON WESTERBURG, APPELLANT

V.

WESTERN ROYALTY CORPORATION, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2014-510,562, Honorable William C. Sowder, Presiding

September 21, 2016

## ORDER

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Our mandate in this case issued on August 9, 2016. On August 24, 2016, appellant and cross-appellee Robert Westerburg, administrator of the estate of R.D. West a/k/a Randy Dixon Westerburg filed a motion seeking clarification of our mandate. On September 9, 2016, appellee and cross-appellant Western Royalty Corp. filed a motion for rehearing and a motion for extension of time to file a motion for rehearing.

Finding we lack jurisdiction to grant any relief the parties request, we will dismiss both parties' motions.

On December 11, 2015, we issued a memorandum opinion and judgment affirming the judgment of the trial court. *Westerburg v. Western Royalty Corp.,* No. 07-15-00082-CV, 2015 Tex. App. LEXIS 12612 (Tex. App.—Amarillo Dec. 11, 2015, pet. denied) (mem. op.). Our judgment ordered that Westerburg "pay all costs in this behalf expended for which let execution issue." Neither party filed a motion for rehearing or any other motion during the period of our plenary power but Westerburg sought discretionary review before the Supreme Court of Texas. The petition for review was denied. *Westerburg v. Western Royalty Corp.,* No. 16-0058, 2016 Tex. LEXIS 593 (Tex. June 24, 2016) (order).

In his pending motion in this court, Westerburg asks that we recall our mandate and modify it to reflect an apportionment of appellate costs between the parties. But what Westerburg really seeks is a modified judgment apportioning costs in the manner he requests. This is not possible.

Texas Rule of Appellate Procedure 18.1 requires the clerk of the appellate court to issue a mandate "in accordance with the judgment." TEX. R. APP. P. 18.1. The mandate issued in this case strictly conforms to the court's judgment. This court's plenary power to consider the relief Westerburg requests has expired. *See* TEX. R. APP. P. 19.1; *Telkamp v. Stein Mart, Inc.*, No. 05-05-01408-CV, 2006 Tex. App. LEXIS 7259, at *7 (App.—Dallas 2006, pet. denied) (mem. op.) (noting under appellate rule 19.1 an appellate court's plenary power over its judgment expires 60 days after the judgment if

2

no timely filed motion to extend time or motion for rehearing is then pending). After an appellate court's plenary power expires it cannot vacate or modify its judgment. TEX. R. APP. P. 19.3; *Telkamp,* 2006 Tex. App. LEXIS 7259, at *7; *Castle Tex. Prod. Ltd. P'ship v. Long Trusts*, 161 S.W.3d 673, 674-75 (Tex. App.—Tyler 2005, no pet.). The court may, even after expiration of its plenary power, take certain actions, but a modification of the judgment like that Westerburg seeks is not among the permitted actions. *See* TEX. R. APP. P. 19.3.

Further, the Supreme Court of Texas denied Westerburg's petition for review. Case law has long held that an intermediate appellate court has no power to substantively alter its judgment after the supreme court denies review. *Castle Tex.*, 161 S.W.3d at 675 (citing *Gammel Statesman Publ'g Co. v. Ben C. Jones & Co.,* 206 S.W. 931 (Tex. Comm'n. App. 1918, holding approved, judgm't adopted); *Humble Exploration Co. v. Browning,* 690 S.W.2d 321, 324 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)). It is said also, however, that even after discretionary review is denied an intermediate appellate court retains power to clarify its judgment. *Castle Tex.*, 161 S.W.3d at 675 (citing *Sadler v. Duvall,* 828 S.W.2d 339, 340 (Tex. App.—Texarkana 1992 (op. denying clarification); *Western Cas. and Sur. Co. v. Preis,* 710 S.W.2d 719, 720 (Tex. App.— Corpus Christi 1986, writ ref'd n.r.e.)). By the title of his motion, Westerburg refers to a "clarification" of our mandate. Assuming, without deciding, that current appellate rules permit such a clarification, *see* TEX. R. APP. P. 19.3(a) (permitting a court to correct a clerical error in its judgment or opinion after expiration of plenary power), Westerburg's motion requests more than mere clarification. Our mandate, consistent with our judgment, requires no clarification. Westerburg's motion instead would require us to

3

issue a new judgment altering the allocation of appellate costs. Our jurisdiction to take such an action expired months ago.

Accordingly, Westerburg's motion to clarify mandate is dismissed for want of jurisdiction.

As for the motions of Western Royalty, a motion for rehearing may be filed within fifteen days after the court of appeals' judgment is rendered. TEX. R. APP. P. 49.1. As noted, our judgment was issued December 11, 2015. A court of appeals may extend the time to file a motion for rehearing if a motion in proper form is filed no later than fifteen days after the last date for filing the motion for rehearing. TEX. R. APP. P. 49.8. A motion for rehearing filed after a court of appeals' plenary power expires does not revest the court with jurisdiction to reconsider the case. *See Perez v. State,* No. 01-10-00243-CR, 2011 Tex. App. LEXIS 5553, at *1 (Tex. App.—Houston [1st Dist.] July 21, 2011, pet. refused) (per curiam mem. op., not designated for publication) (stating "[a]n untimely notice of appeal or an untimely motion for rehearing fails to vest the appellate court with jurisdiction to hear the case"); TEX. R. APP. P. 19.3 (listing procedures an appellate court may undertake after its plenary power expires).

For these reasons, Western Royalty's motion for rehearing and motion for additional time to file motion for rehearing must be, and are, dismissed for want of jurisdiction.

It is so ordered.

Per Curiam

4