**Opinion issued November 21, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00500-CV

_____

**STEADFAST FUNDING, LLC AND 829 YALE HOLDINGS, INC. D/B/A STEADFAST 829 YALE HOLDINGS, INC., Appellants**

**V.**

**2017 YALE DEVELOPMENT, LLC, TERRY FISHER, 829 YALE, LLC, ASSURANCE HOME WARRANTY GROUP, LLC, ALI CHOUDHRI, BRAD PARKER, JETALL COMPANIES, INC., Appellees**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-23950**

---

## MEMORANDUM OPINION

Steadfast Funding, LLC and 829 Yale Holdings, Inc. d/b/a Steadfast 829 Yale Holdings, Inc. (Steadfast) attempt to appeal the trial court's dismissal of the underlying case. In eight issues, Steadfast contends that the trial court wrongfully

dismissed the underlying case. Because Steadfast is making an impermissible collateral attack on our July 7, 2022 judgment in cause number 01-19-00555-CV, we dismiss this appeal for lack of jurisdiction.

**Background**

In cause number 01-19-00555-CV (trial court cause number 2019-23950), we issued an opinion and judgment on July 7, 2022.[1] Steadfast obtained several extensions of time to seek rehearing and/or en banc reconsideration of our decision, but never did so.[2] Appellees[3] later filed two petitions for review with the Supreme Court of Texas, and they were denied on January 27, 2023. Our mandate in that appeal then issued on March 24, 2023.

After our mandate issued, the 190th District Court signed a "Post Status Conference Order." It stated that, "this Court lacks subject matter jurisdiction and

---

[1] *See Steadfast Funding LLC v. Jetall Cos., Inc. et al*, No. 01-19-00555-CV, 2022 WL 2513466 (Tex. App.—Houston [1st Dist.] July 7, 2022, pet. denied) (mem. op.). Our opinion held that the 125th District Court's final judgment in the underlying suit was void and we dismissed the appeal. *Id*. at *2. Our judgment vacated the 125th District Court's judgment and dismissed the case.

[2] *See* TEX. R. APP. P. 49.1, 49.5.

[3] Appellees Terry Fisher, 829 Yale St. LLC, and Assurance Home Warranty Group, LLC filed one petition for review. Appellees Stephanie Alvarez, Shahnaz Choudhri, Ali Choudhri, and Jetall Companies, Inc. filed a second petition for review.

the case is dismissed per the mandate of the appellate court, accordingly the file in this court, number 2019-23950 is closed."[4]

Steadfast subsequently filed a motion for new trial challenging the trial court's dismissal order. Steadfast also filed another notice of appeal, again from trial court cause number 2019-23950. It was assigned to our Court as cause number 01-23-00500-CV.[5]

**Collateral Attack on Judgment**

Steadfast argues that the trial court improperly dismissed the underlying case after receiving the mandate from our Court in the prior appeal. Steadfast artfully frames the issue as an improper dismissal. But, it is actually a collateral attack on this Court's judgment in cause number 01-19-00555-CV.

After this Court issued its judgment in 01-19-00555-CV on July 7, 2022, Steadfast did not file a motion for rehearing or for en banc reconsideration. *See* TEX. R. APP. P. 49.1, 49.5. Instead, some of the appellees sought review in the Supreme Court of Texas—which was denied on January 27, 2023. We then issued

---

[4] After the 190th District Court dismissed the case, Steadfast filed a motion to recall the mandate and a motion for rehearing on April 25, 2023 in appellate cause number 01-19-00555-CV. On June 20, 2023, we overruled Steadfast's motion for rehearing and all outstanding motions.

[5] Appellees 2017 Yale Development, LLC, Terry Fisher, 829 Yale, LLC, Assurance Home Warranty Group, LLC, Ali Choudhri, Brad Parker, and Jetall Companies, Inc., (Yale) also filed a conditional notice of appeal, challenging an administrative judge's disqualification of the trial judge of the 125th District Court of Harris County if we determined that we have jurisdiction over this appeal.

3

our mandate within the time prescribed in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 18.1(a)(2) (requiring issuance of appellate court's mandate 10 days after time has expired for filing motion to extend time to file motion for rehearing); TEX. R. APP. P. 19.3(b) (listing issuing mandate as one limited action appellate court may take after expiration of plenary power).

Our plenary power over our judgment in 01-19-00555-CV expired well before Steadfast filed the instant appeal. *See* TEX. R. APP. P. 19.1(a) (plenary power over judgment expires "60 days after judgment if no timely filed motion for rehearing or en banc reconsideration, or timely filed motion to extend time to file such a motion, is then pending"). After our plenary power expires, we cannot vacate or modify our judgment. *See* TEX. R. APP. P. 19.3.

Further, it is well settled that an intermediate appellate court in Texas has no power to substantively alter its judgment after our supreme court denies review. *Castle Tex. Prod. Ltd. P'ship v. The Long Trusts*, 161 S.W.3d 673, 675 (Tex. App.—Tyler 2005, no pet.) (citing *Gammel Statesman Publ'g Co. v. Ben C. Jones & Co.*, 206 S.W. 931 (Tex. Comm'n. App. 1918, holding approved, judgm't adopted); *Humble Expl. Co. v. Browning*, 690 S.W.2d 321, 324 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)). Various appellees filed petitions for review in the Supreme Court of Texas. Both petitions were denied.

4

Under these circumstances, we lack jurisdiction to address Steadfast's impermissible collateral attack of our July 7, 2022 judgment.[6] *See Wise Elec. Coop., Inc. v. Am. Hat Co.*, 476 S.W.3d 671, 679 (Tex. App.—Fort Worth 2015, no pet.) (concluding trial court lacked jurisdiction over claims attacking prior judgment of appellate court after Texas Supreme Court had denied petition for review, appellate court had issued mandate, and case had been remanded to trial court and retried).[7]

---

[6] In its brief, Steadfast identifies discrepancies between our July 7, 2022 opinion and judgment. We do not disagree that the opinion and judgment are inconsistent. However, the time to raise the issue of inconsistencies between the judgment and opinion occurs after the opinion issues during the time in which a motion for rehearing could be filed. *See In re Long*, 984 S.W.2d 623, 626 (Tex. 1999) (orig. proceeding) (per curiam) (explaining that appeal is not "exhausted" or "final" until court of appeals issues its mandate); *see also Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 413–16 (Tex. 2009) (Willett, J., concurring) (discussing finality of appellate decisions and noting that "the period between judgment and mandate affords the court the opportunity to correct an appellate judgment before commanding its execution and enforcement in the lower court" [internal quotation marks omitted]).

[7] Steadfast argues that the inconsistency between the opinion and judgment is "clearly a clerical error." Steadfast has waived this complaint by providing no substantive discussion with citation to authorities as to how any inconsistencies between the opinion and judgment are clerical errors. *See* TEX. R. APP. P. 38.1(i).

Steadfast also argues that the trial court improperly dismissed the case because the July 7, 2022 mandate in 01-19-00555-CV was issued to the 125th District Court and not the 190th District Court. Steadfast cites no authority in support, and this argument was not raised below. *See* TEX. R. APP. P. 33.1, 38.1(i). Further, Steadfast has previously asserted that the underlying trial court cause number 2019-23950 was properly transferred to the 190th District Court. Thus, this argument has been waived for appeal.

## Conclusion

Accordingly, we must dismiss this appeal for lack of jurisdiction.[8]   All pending motions are dismissed as moot.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

---

Steadfast further asks this Court to recall its mandate and issue a corrected mandate.  Steadfast previously asked for the same relief in appellate cause number 01-19-00555-CV, which we denied.  Although Rule 18.7 permits this relief, that rule only applies if we vacate or modify our judgment. *See* TEX. R. APP. P. 18.7. Because we have no jurisdiction to vacate or modify our July 7, 2022 judgment, we have no power to recall our mandate. *See id.*

[8]   Because we lack jurisdiction over Steadfast's appeal, we do not address Yale's conditional notice of appeal. *See* TEX. R. APP. P. 47.1.

6